ALEXANDER HOOD, Appellant.

*vs.*

ALFORD B. FINCH, Respondent.

APPEAL FROM CIRCUIT COURT, RACINE COUNTY.

The 31st and 32d sections of the act to incorporate the city of Racine, 1848, so far as the same provides for laying out streets, and making compensation, is not in conformity to the provision of the constitution, sec. 2, art. XI.

An award of compensation made by a jury to and in the name of a person not the owner, is not compensation to the owner of the land taken for a public street, and such award will not protect an officer, from an act of trespass, in opening such street.

When city authorities undertake to lay out a street without notice to the owner, they must strictly pursue the statute, in relation to the matter, or their acts will be void.

The case of *Lumsden vs. The City of Milwaukee*, affirmed.

The complaint in this action alleges that on or about the 17th day of July, A. D. 1857, the defendant forcibly entered upon lands owned and occupied by the plaintiff, in the fourth ward of the city of Racine, and tore down the fences and destroyed the crops thereon. The defendant denied generally the allegations contained in the complaint, and justified the acts complained of by alleging that at the time of the commission thereof, the premises described in the complaint were a public street, and that the defendant committed the same by virtue of his office as City Marshal of the city of Racine.

On the trial of the cause, the defendant admitted the pulling down of the fence as stated in the complaint. The plaintiff proved his title to the land, and the amount of damages sustained, and rested his case.

The defendant then read in evidence the proceedings of the common council of the city of Racine, in relation to the laying out of Hamilton street, as follows:

"At a meeting of the city council of the city of Racine, held at the council chamber, on the 15th day of May, A. D. 1854, the City Attorney presented and read the following resolution, and the same was adopted by the council. *Resolved*, That Hamilton street, in the fourth ward, in the city of Racine, be extended and continued from its present western termination due west to the western boundary of said city of Racine, that such extension and continuation be of the same width as said Hamilton street, and for the purpose of such extension and continuation be it *Resolved*, That a street of the same width of Hamilton street be laid out, located and established, commencing at the present western termination of said Hamilton street, running from thence due west to the western boundary of said city; that a survey and plat of said street be made forthwith by the city surveyor, and filed with the city clerk, and that a jury of six good and lawful freeholders, inhabitants of said city, and not interested, be summoned according to law."

On the 29th day of May, 1854, the city surveyor made the following report, which was accepted and adopted by the city council, viz:

"Survey of the continuation of Hamilton street commencing on the west side of the Milwaukee road, at the north west end of Hamilton street, in block 22 of Wright's addition thence west through blocks 22, 26, 31 and 34 to the west line of the city."

Pursuant to a resolution of the city council, passed May 15th, 1854, the following proceedings were had, viz:

" STATE OF WISCONSIN, ⎫ ss.
    City and County of Racine, ⎰

" The State of Wisconsin to the Marshal of the city of Racine—Greeting :

" In the name of the State of Wisconsin, and by order of the city council of the city of Racine, you are hereby commanded to summon six good and lawful freeholders, inhabitants of the city of Racine, and who also are not directly interested in the extension and laying out and opening a street, the location of which is hereinafter described, to be and appear at the council chamber of the city council in said city, on the 12th day of June, 1854, at 1 o'clock in the afternoon of that day, then and there to take into consideration the necessity of laying out and opening a certain extension of Hamilton street, in the fourth ward in said city, (location same as in report of surveyor,) and also to take into consideration as well the benefit as injury which may accrue by reason of such extension, and estimate and assess the damages which will and may be sustained by the owner or owners of any lots and pieces of land over and through which said extension of said Hamilton street may pass, and moreover to estimate the amount which other property shall and will be benefitted thereby, and such jurors are required under their respective hands and seals to make due return of all their acts and doings in the premises to the city council of the city of Racine, on or before the 30th day of June, 1854."

Then follows the return of the Marshal, not deemed material to print, and also the oath to the jury. The report of the jury was as follows :

" We the undersigned jurors who having been duly summoned and sworn according to law, do hereby certify and report that we have been upon the premises and taken into consideration the necessity of laying out and opening a street in the fourth ward, in said city, sixty feet wide, commencing

at the west end of Hamilton street, in said ward, running west to the city limits, and that it is necessary to lay out and open a continuation of Hamilton street to the west boundary of said city limits, and that we have taken into consideration as well the benefit to, as the injury which may and will accrue, and have estimated the damages which may and will be sustained by the owners of each lot or parcel of land in consequence of opening such street, and that such estimate is as follows, to wit:—Damages to Samuel Hood, the south east corner lots in block 22, the sum of $25; and to Daniel Fayhr, on lot 8 in block 26, the sum of $40; and to the city of Racine the sum of one hundred and five dollars and eighty-two cents, making the sum of $170 82; and by reason of laying out said street, the following lots are benefitted to the amount of the sums set opposite, to wit:

| | |
|---|---|
| Lots in blocks 22, belonging to Mr. Butterfield, | $25 00 |
| O. Langin, the south side block,    -    -    - | 22 10 |
| S. Chappel, on block 21, lot 5,   -    -    - | 44 16 |
| North east corner lot 6, block 31,    -    -   - | 22 95 |
| West end lot 6, block 31,    -    -    -    - | 33 33 |
| And lot 5, block 31,  -    -    -    -    - | 41 33" |

Resolution to extend and locate Hamilton street, in the fourth ward.

"*Resolved*, That Hamilton street, in the fourth and fifth wards of the city of Racine, and State of Wisconsin, be and the same is hereby extended and continued from its western termination due west to the western boundary line of the city of Racine, that such extension and continuance be of the same width of said Hamilton street, and for the purpose of such extension and continuance be it hereby resolved and ordered, that a street of the same width of Hamilton street aforesaid, be and the same is hereby laid out, located and established, commencing at the present termination of said

Hamilton street, running thence due west to the western boundary of the city of Racine, and a survey and plat thereof made by the city surveyor, and on file with the city clerk be recorded; and be it further resolved that the street commissioners for the fourth and fifth wards of said city, forthwith open said street, and said street commissioners are hereby directed and ordered to open and work such street without delay. Passed by the city council of the city of Racine, June 19th, 1854."

Samuel Hood, on the part of the defendant, testified, the land in question falls within the Hamilton street extension, as by a map exhibited and proved by witness. We bought this land in 1850, it was then vacant, two houses are on it now, one built in 1851, one in 1856, I lived on the south half of the lot at the time the jury were laying out the street. The court charged the jury as follows:

" The defendant in this case has established the fact by legal testimony, and which fact is admitted by the plaintiff, that the premises in question are situate in Hamilton street as extended by the city council of Racine, and that the proceeding of the council in extending said street over said premises were in all respects according to law, and if you believe from the evidence that the defendant, in the capacity of City Marshal, did the acts complained of under the direction and in obedience to the order of the city authorities, he was justified in so doing, and the plaintiff cannot recover." To the whole of this charge, the plaintiff by his counsel excepted, and also to the evidence by the records of the proceedings of the common council.

The jury found a verdict for the defendant; and judgment was rendered accordingly. From which the plaintiff appealed.

*Paine & Millett,* for the appellant.

*N. H. Joy,* for the respondent.

Hood vs. Finch.

*By theCourt*, COLE, J.   There has been no brief furnished us by the counsel for the respondent, and we are ignorant of the points upon which he relies to sustain the charge of the circuit court.   From the case presented, we cannot see how the charge can be sustained.   The respondent justified the acts complained of upon the ground that at the time of the commission thereof, the premises were a public street, and that he committed said acts by virtue of his office as city marshal in opening the street.   The proceedings of the common council offered in evidence by him for the purpose of showing that a highway had been legally laid out over the appellant's premises, do not show any justification.   For if we should assume that section 2, Art. xi, of the constitution was substantially complied with by section 32 of the charter, (Session Laws, 1848, June, p. 80,) which provides the manner for establishing the necessity of taking private property for public use; still there would be an insuperable objection to the proceeding.   No compensation is rendered for the property taken from the appellant.

The six free-holders, who were summoned under section 32, of the charter to establish the necessity of laying out and extending Hamilton street, according to a survey by the city surveyor, and were also by their warrant directed to estimate and assess the damages which might be sustained by the owners of any lot through which the proposed street might pass, awarded to the appellant no damages for the property taken.   They did award to Samuel Hood, twenty-five dollars for damages to the south-east corner lots of block 22; but that is not compensation to the appellant for his property taken for the use of the public.

It may be that this jury (if they can be called such, within the meaning of that term as used in section 2, Art. xi of the Constitution,) made a mistake in awarding damages to

Hood vs. Finch.

Samuel Hood, instead of giving them to the appellant, the true owner of the land; but if this were made to appear it would not materially affect the case. Compensation in fact, was not given to the appellant for his property taken, and therefore the act of the city marshal in opening the street was an unauthorized trespass.

We have less reluctance in announcing this conclusion when we consider the character of section 32 of the charter under which the city authorities proceeded in this case. That section enables the city council, one of the parties to this hostile proceeding, to take private property for public use, without any notice to the individual, whose property it is proposed to take, to summon six freeholders to determine both the necessity for such taking and to appraise and fix the compensation. The wisdom, equity and justice of such a provision of law, are not very apparent, and therefore, if a mistake has been committed in the necessary preliminary steps, it is proper that the full consequences of such mistake should rest upon the city authorities which instituted and carried through this one sided proceeding. And we cannot dismiss this cause without adding what in substance was said in the case of *Lumsden vs. The City of Milwaukee*, unreported. That provisions of this character in city charters confound all our ideas of fairness and equity, and are clear departures from those principles of the constitution, and of common justice, which are the security for rights and property.

The judgment of the circuit court is reversed and a new trial ordered.