KARBER vs. NELLIS and another.

HIGHWAYS: *Effect of damages accepted after defective proceedings to establish highway.—Error : specific instructions.*

1. Where defective proceedings are resorted to for the purpose of laying out a highway, and the land owner accepts the damages awarded, he is estopped from contesting the validity of the highway, and the act may be regarded as a dedication.

2. A party who desires a specific instruction on a particular point, must draw it, and ask the court to give it; and a mere general objection that the court "refused to charge more particularly" on the subject, presents no question for review.

APPEAL from the Circuit Court for *Kenosha* County.

Trespass *quare clausum*: answer, highway. The case is stated in the opinion, except that certain instructions alluded to are not recited. They were as follows : 1. " Defendants * * claim that the fence was within the limits of a public highway; that it was placed there by the plaintiff without authority of law; that it was in fact a public nuisance; and that they removed it in obedience to the mandate of the proper officer of the town, whose duty it was to see that the obstruction was removed. If this theory of the case is correct, then the defendants are not liable for the act complained of." 2. " The plaintiff asks me to instruct you

that although the road had been dedicated by the owner of the land, yet he was entitled to the preliminary notice of thirty days; and to the benefit of the restriction that he should not be required to open the road between April 1st and Nov. 1st, prescribed by law. *I cannot give you this instruction. I have already said that to make the dedication perfect there must be an acceptance and user by the public; and after such user had commenced, the plaintiff had no more right to obstruct the road than any other citizen; and if he did so, such obstruction would be a public nuisance, which it would be the right of any citizen (if he could do so without committing a breach of the peace), and the duty of the proper officer, to remove." 3. "No particular form is necessary to be observed to create a valid dedication of land to public use as a highway. It is sufficient if it appear that the person who is claimed to have made the dedication, assented and intended that the public should take and use the land as a public highway, and that it was received and used as a public highway with a knowledge of the attending circumstances."

Judgment for the defendants; new trial denied; and judgment on the verdict; from which the plaintiff appealed.

*O. S. & F. H. Head*, for appellant:

1. Evidence of an ineffectual attempt to establish a statutory highway at the place of trespass, is inadmissible to show a dedication. 2 Wis., 153; 9 id., 240. 2. A dedication can be made only by the free and voluntary act of the owner, and an acceptance by the public. 7 Hill, 407; 20 Wend., 111, and the cases above cited. 3. If plaintiff is estopped from denying anything, it is, that there was a regular highway at the place in question. If so, by sec. 84, chap. 19, R. S., he was entitled to thirty days' notice to

---

* The trespass complained of is alleged to have occurred in June.—REP.

renew his fences, and could not be required to renew them between April 1st and November 1st, and defendants were trespassers.

*I. W. Webster*, for respondents:

If the owner of land intended and assented that the public should take and use it, and the public did so, that is a dedication. *Gardiner v. Tisdale*, 2 Wis., 153; *Holdane v. Trustees, etc.*, 23 Barb., 103. The facts proven are sufficient to establish an *estoppel in pais*. *Connehan v. Ford*, 9 Wis., 240; *Welland Canal Co. v. Hathaway*, 8 Wend., 480; *Dezell v. Odell*, 2 Hill, 215.

PAINE, J. This was an action for a trespass in taking down the plaintiff's fence. The defense was, that the fence was across a public highway, and that the defendants removed it under the direction of the pathmaster of the district.

The defendants did not attempt to prove that a highway had been legally laid out at the place in question. But they offered evidence tending to show that an attempt had been made to lay out one, at the time when the land was owned by Clinton, from whom the plaintiff purchased it, and that Clinton had received the sum of $232.00, which was awarded as damages to him for the laying out of the road. In the same connection, proof was offered tending to show that the negotiation by the plaintiff for the purchase of the land was pending just before the time when these damages were paid; that it was agreed between the plaintiff and Clinton, that if the latter received the amount from the town, it should be allowed as so much towards the price to be paid by the plaintiff, and that it was so allowed. All the evidence concerning any of the steps taken for laying out the road was objected to, and the defendants' counsel said it was offered only for the purpose of proving a dedication, and it was admitted by the court, and an exception taken.

The court also instructed the jury, that if they found "from the evidence, that Clinton, being in possession and claiming title to the premises in question, assented to the establishment of a public highway on the route in question, and received compensation from the authorities for the land taken for public use, it is evidence proper to go to the jury to establish a dedication of the land to public use."

This instruction, and the admission of the evidence referred to, present the same question, which is the principal question in the case. It is true that a dedication is usually entirely voluntary on the part of the one who makes it, and that no consideration is received for it. When, therefore, defective proceedings are resorted to for the purpose of laying out a highway, and the owner of the land taken accepts the damages awarded, and thus estops himself from contesting the validity of the highway, there may be some doubt whether this should, strictly speaking, be called a dedication. Yet, although there are some elements in it not usual in dedications, its general character is the same, and the right of the public rests in both cases upon precisely the same principle. This principle is that of an estopped *in pais*. *City of Dubuque v. Maloney*, 9 Iowa, 455; *Connehan v. Ford*, 9 Wis., 244.

In the latter case, as in this, there was also a consideration received by the owner for the dedication, and there had likewise been proceedings taken by the town authorities. Upon the authority of that case, there seems to be no objection to the rulings of the court below upon this question, and none to its language in calling this a dedication. Although proceedings are commenced originally against the will of the owner, yet if he sees fit, after they are commenced, to waive all irregularities, and assent to the existence of the road, this may be as good a dedication as though he had done it originally of his own motion. The receipt

of the consideration shows conclusively that he does waive irregularities, and assent to the existence of the road. It is, of course, not essential to the validity of a dedication. But in cases where there is any doubt about the intentions of the owner, the receipt by him of a consideration for the road shows his acquiescence in it, in the most satisfactory manner.

We think, therefore, there was no error in the admission of the evidence, and none in the instruction referred to. The jury would have been warranted in finding that the town had paid the plaintiff's grantor $232 towards the purchase money of his land, as a consideration for having this road. The court might have told them, that if they found that fact, the plaintiff was estopped from denying its validity. And even if it had not been strictly accurate to call this a dedication, it could have made no difference in the result, whether the court told them that upon these facts they might find a dedication, or that the plaintiff was estopped from denying the existence of the road.

The other instructions given seem manifestly correct.

Nor can the judgment be reversed because the court " refused to charge more particularly as to what constituted a private road." If counsel desire a specific instruction on any particular point, they should draw such instruction and ask the court to give it. A mere request to charge more particularly upon some point, does not present any question for review here. Especially this would be so where, as in this case, the bill of exceptions does not purport to contain the whole charge; so that we cannot know how particularly or how generally the court did charge upon that subject.

*By the Court.*—The judgment is affirmed, with costs.