## N. P. LANGFORD, et al.

### vs.

### THE COUNTY COMMISSIONERS OF RAMSEY COUNTY.

Where the state constitution declares "private property shall not be taken for public use without just compensation therefor, first paid or secured," but contains no express provision as to the mode in which the compensation to be paid shall be determined, it is to be presumed that the framers of the constitution intended to leave that subject to the discretion of the legislature, to be regulated in such manner as might be prescribed by law: but it is not to be understood that the discretion vested in the legislature is an unlimited one.

Where private property is taken for public use, in ordinary cases, and the constitution prescribes no particular mode in which the com-

Langford v. The Commissioners of Ramsey County.

pensation for the property taken shall be ascertained ; as to the question of compensation, the owner of the property has a right to require that an impartial tribunal be provided for its determination, and the government is bound, in such cases, to provide such tribunal, before which both parties may meet and discuss their claims on equal terms.

An act of the legislature, which authorizes the taking of private property for the purposes of a state road, appointing three commissioners, private citizens, without the consent of the persons whose lands are taken, and authorizing them, or a majority of them to determine the compensation due to the land owners, but requiring no notice of the proceedings before the commissioners, nor making any provision that the land owners may appear at any stage of the proceedings for any purpose, does not provide a just or equitable mode of determining the compensation due to a citizen for property taken for public use, and is unconstitutional and void.

Two of the commissioners named in the act of the legislature entitled "An act to locate and establish a state road from the city of St Paul, in the county of Ramsey, to the city of St. Anthony, in the county of Hennepin," approved March 7, 1870, in pursuance of the provisions of said act, located and established said road across the lands of the plaintiffs. This action was brought in the district court for Ramsey county to vacate the proceedings in regard to the same and enjoin the defendants from opening or keeping open said road. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and the plaintiffs appeal to this court. There were no allegations in the complaint showing any failure to comply with the provisions of the act, but the plaintiffs insist that the act is unconstitutional and all proceedings under it void.

MASTERSON & SIMONS for Appellants.

HARVEY OFFICER for Respondents.

*By the Court*—McMillan, J.—The act of the legislature involved in this case appoints three persons named therein commissioners to locate, survey and establish a state road between certain points, specified in the act, and authorizes the said commissioners, or a majority of them, to meet as therein provided, and proceed to the discharge of the duties imposed on them by the act.

It also provides that they shall file a certified plat of the survey of said road in the office of the county auditor of each of the counties specified therein, which plat shall be legal evidence of the location and existence of said road. The only provisions touching the question of compensation to the owners of land taken for the road, are those contained in section four of the act, which is as follows:

"All damages sustained by the laying out and opening of said road shall be ascertained and determined by said commissioners, or a majority of them, and shall be paid by the county in which such damages occur." *Laws* 1870, *p.* 466; *Sp. L.* 1870, *ch.* 143.

It is conceded by both parties, that if this act is constitutional the demurrer to the complaint is well taken and must be sustained, but if the act is unconstitutional the order sustaining the demurrer must be reversed.

The plaintiffs do not question the right of the state to take the land of the citizen for public use upon making just compensation, nor deny that the use for which the land was taken in this instance is a public use, but claim that the law is unconstitutional, because it does not comply with the requirements of the constitution in the provision it makes for determining the compensation of the plaintiffs for the land taken.

The points urged by the plaintiffs' counsel are:

I.　That the act does not provide that the amount and

justness of the compensation may be ascertained and fixed by or under the jurisdiction of any of the courts of justice provided for by the constitution, or in any degree or manner under their control or supervision.

II.   It does not provide any judicial mode of determining and adjudging the compensation to be paid for the land authorized to be taken for the public use therein specified.

III.   The property owner is not given his "day in court" upon the question what is "just compensation" in his case, the paying or securing which is a condition precedent to the exercise of this power of eminent domain.

IV.   He has no opportunity or right to challenge "for cause" those named to inquire into this fact.

V.   The commissioners are not even required to decide the question under the safeguard of an oath.

There is no doubt whatever that the right to take the property of a citizen and appropriate it to public use is an inherent attribute of sovereignty, and it is equally certain, under our constitution and laws, at least, that a provision for compensation is a necessary attendant on the due and constitutional exercise of the power of the law giver to deprive an individual of his property without his consent in cases like that now under consideration. 2 *Kent's Com.* 339

By *art.* 1, *sec.* 13, *of the Constitution of this State*, it is declared "private property shall not be taken for public use without just compensation therefor, first paid or secured."

But the constitution contains no express provision as to the mode in which the compensation to be paid shall be determined. In the silence of the constitution upon this question, it is to be presumed that the framers of the constitution "intended to leave that subject to the discretion of the legislature, to be regulated in such manner as might bo

prescribed by law." *Livingston vs. The Mayor of New York*, 8 *Wend.* 85; *Bloodgood vs. M. & H. R. R.*, 18 *Wend.* 9; *Bonaparte vs. C. & A. R. R. Co.*, 1 *Baldwin*, *C. C. Rep.* 205; *Pittsburg vs. Scott*, 1 *Barr*, 309; *Berkman vs. S. & S. R. R. Co.*, 3 *Paige*, 45.

But it is not to be understood that the discretion vested in the legislature in the exercise of its power is an unlimited one.

Blackstone, speaking of the right of property says: "So great moreover is the regard of the law for private property, that it will not authorize the least violation of it; no, not even for the general good of the whole community.

" If a new road, for instance, were to be made through the grounds of a private person, it might, perhaps, be extensively beneficial to the public; but the law permits no man or set of men to do this without the consent of the owner of the land.   *   *   *

" In this, and similar cases, the legislature alone can, and indeed frequently does interpose, and compel the individual to acquiesce.   But how does it interpose and compel?   Not by absolutely stripping the subject of his property in an arbitrary manner, but by giving him a full indemnification and equivalent for the injury thereby sustained.   *The public is now considered as an individual treating with an individual for an exchange.*

" All that the legislature does is to oblige the owner to alienate his possessions for a reasonable price."   1 *Bl.* 139.

And in speaking of the right to compensation as a qualification of the power of eminent domain, Kent says: " This principle in American constitutional jurisprudence is founded in natural equity, and is laid down by jurists as an acknowledged principle of universal law."   2 *Kent*, 339.

While the legislature is the judge of the necessity or

expediency of the exercise of the power of eminent domain, it is not the judge of the amount or justness of the compensation to be made when the power is exercised ; as to the latter, it is, in the language of Blackstone above quoted, " considered as an individual treating with an individual for an exchange ; " and it is an acknowledged principle of universal law, says Kent, that the right to compensation is founded in natural equity

While, therefore, the constitution prescribes no particular mode in which the compensation shall be ascertained, it would seem to follow, that as to the question of the amount of compensation, the owner of land taken for public use has a right to require that an impartial tribunal be provided for its determination, and that the government is bound in such cases to provide such tribunal, before which both parties may meet and discuss their claims on equal terms; and such seems to be the tenor of the authorities upon this question.   1 *Blackstone Com.* (*by Cooley*) 139, n. 17 ;   2 *Kent,* (*4th Ed.*,) 339, *note a ; Bonaparte vs. C. & A. R. R. Co.,* 1 *Baldwin, C. C. Rep.* 205;   *Gardner vs. Trustees of Newburgh,* 2 *Johns. Ch.* 162 ; *Pittsburg vs. Scott,* 1 *Barr,* 309 , *Hood vs. Finch,* 8 *Wis.* 381;   *Powers vs. Beans,* 12 *Wis.* 213.

The act in question does not provide such a tribunal. The commissioners to determine the compensation are private citizens, appointed directly by the legislature, without the consent of the persons whose land is taken for the public ; no notice of the proceedings before the commissioners is given ; the land owner is not authorized to appear at any stage of the proceedings, to object to the commissioners; to introduce any proofs oi allegations before them—the proceedings are entirely *exparte.*

It certainly cannot be said that this is a just or equitable

mode of determining the compensation due to a citizen for property taken for public use. We think the provision made for compensation to the owners of the land taken contravenes the constitution, and the law is void. *Hood vs. Finch*, 8 *Wis.* 381; *Powers vs. Beans*, 12 *Ib.* 213.

Whether, in cases of this nature, the law making provision for compensation must be such as to afford the owner of land taken for public use an opportunity, in some way, at some stage of the proceedings, to invoke a judicial determination of the question, or whether conceding that to be so, if a tribunal is created before which the land owner having notice of the proceedings may appear, and participate therein, a sufficient opportunity is afforded him for a judicial determination of his rights, we need not now inquire.

The order sustaining the demurrer is reversed.