STATE OF WISCONSIN VS. LANGER.

HIGHWAYS.     *Laying out Highway. Notice to Occupants essential.     How waived.     Estoppel.*

1. A failure to give to each occupant of land through which a proposed highway is to run, the notice required by sec. 56, chap. 19, R. S., invalidates the proceedings to lay out such highway.
2. Although an occupant not duly served with such notice attends the supervisor's meeting held to decide upon the application for the road, he does not thereby waive the lack of notice, unless he expressly consents to the laying out of the road over his land, or subsequently accepts the money awarded him for the land taken, or otherwise adopts the acts of the supervisors as his own.
3. It was error, therefore, in an action involving the legality of a road laid out over defendant's premises, to instruct the jury that by appearing at such meeting, and objecting to the road, but not to the regularity

State of Wisconsin vs. Langer.

of the notice, defendant waived the latter objection. *Rœhrborn v. Schmidt*, 16 Wis., 519, approved.

4. A party who accepts the damages awarded to him for laying out a highway over his land, is thereby estopped from contesting the validity of such highway; but his being present at the meeting of the supervisors to decide upon the application, and failing then and there to raise all and each precise objection which he may have to their proceedings, does not estop him.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover the statutory penalty for an alleged encroachment upon a highway, brought in the police court of the city of Fond du Lac, and removed to the circuit court on plea of title to land.

The complaint alleges the existence of the highway laid out and opened on a specified line; that it is a public highway, and was, on the 12th day of November, 1868, encroached upon by fences and a building erected by the defendant, specifying particularly the places and extent of such encroachments; that on the 20th day of November, 1868, the supervisors of the town made a written order, under their hands, requiring the defendant to remove the same beyond the limits of the highway within thirty days, and caused it to be served on the defendant; and that such obstructions and encroachments have not been removed.

The answer denies the existence of the alleged highway, or that the fences and buildings specified are in, upon or across any portion of a highway, and claims title to the land and six years' exclusive possession and occupancy thereof in the defendant.

To prove the existence of the highway in question, the plaintiff introduced the record of the order of the supervisors laying it out. There was also proof of the service of notice to open the road in question; of an attempt to open it, which was resisted by the defendant; and of the continuance of the obstruction after the expiration of thirty days from the time of serving notice.

There was also proof of the proceedings of the supervisors in laying out the road; of the sending of an informal written notice of their meeting to the defendant, who was a German and did not understand English, but no proof of its reception by him; and of his being present and protesting against the laying out of the road, but not specifying the want of legal notice as a ground of objection.

In its charge to the jury the court gave the instruction asked by the plaintiff, and refused to give that asked by the defendant, (both recited in the opinion) relative to the effect of defendant's appearance at the meeting of the supervisors and not making the specific objection to the want of notice; and the jury returned a verdict for the plaintiff. A motion for a new trial was denied; and the defendant appealed.

*Jay Mayham*, for appellant, argued that a statute providing for divesting a party of his title to real estate must be strictly construed and fully complied with, and that the giving of a proper notice to occupants, of the time and place of the meeting of the supervisors *to decide upon the application*, was essential to the validity of the proceedings, citing *Austin v. Allen*, 6 Wis., 134; *Babb v. Carver*, 7 id., 124; *Rœhrborn v. Schmidt*, 16 id., 519; and that the notice in this case was entirely insufficient.

*Gillett & Taylor*, for respondent, claimed that the recorded order laying out the highway was *prima facie* evidence under sec. 59, ch. 19, R. S., 1858, that the proper notices were given, and the burden of proving that they were not given was upon the defendant; that there was proof of notice, though informal, and the defendant, having appeared and not objected on account of the informality, could not afterward raise that objection, citing *Dyckman v. The Mayor*, 1 Seld., 434; that in the absence of written notice, a waiver of it will be presumed; and that the acts of the defendant were a waiver of such notice, citing *Karler v. Nellis*, 22 Wis., 215; 15 Pick., 81; 6 Paige, 85; 3 Mass., 406; 20 Wend., 186: *Snyder v. Trumpbour*, 38 N. Y., 355; 20 Pick., 80.

COLE, J.  On the trial below, the plaintiff did not rely upon the order laying out the highway to show that the proceedings had been regular and the notice given. But the state as well as the defendant went into proof upon that subject, and succeeded in showing, in the most satisfactory manner, that it had not been given.  The defendant positively testified that there never was any written notice of the time and place at which the supervisors would meet and decide upon the application, either served upon him or left at his house. And the state failed to show that the notice was given.  That the giving of this notice was necessary, under sec. 56, chap. 19, R. S., before the supervisors could proceed and lay out the highway is a very plain proposition.  The language of the statute is plain and explicit upon the subject.  The applicant for the highway is required, at least five days previous to the time of deciding upon the application, to cause the proper notice to be given to all the occupants of the lands through which such highway may pass, which notice shall be served personally, or by copy left at the usual place of abode of each occupant.  And, in addition, the notice must be posted as therein prescribed.  We feel entirely warranted in assuming upon this record that the notice required by statute was not given.

This omission to give the notice was fatal to the regularity of the proceedings to lay out the highway. *Austin v. Allen*, 6 Wis., 134; *Babb v. Cowen*, 7 id.; 124; *Rœhrborn v. Schmidt*, 16 id., 519.

It is claimed by the counsel for the state, that there is no sufficient evidence in this case to justify the assumption that the defendant was the occupant of the land when the road was laid out, in September, 1867, so as to be entitled to have a written notice served upon him as required by section 56. The defendant did not live upon this forty acre tract, but he testified that he had owned it for five years, and that he plowed, occupied and cultivated it.  It is true he does not say in so many words, that he cultivated and occupied the land when

the highway was laid out, in September, 1867; although the fair presumption arising from his testimony is, that he did. And this presumption is in no manner weakened by the conduct of the supervisors, who treated the defendant as an occupant at that time, and who attempted to serve a written notice on him in German, by means of Mark's little daughter. We think the evidence shows with sufficient clearness, that the defendant was an occupant of the land at this time, and that he was entitled to notice, conformably to the statute. And we have already stated that the evidence entirely fails to show that the requisite notice was given. It appears, however, that the defendant was present when the supervisors met to decide upon the application, and that he made no special objection to their proceedings because he had not been served with the proper notice, and did not place his objection to the opening of the highway upon that particular ground, although he indicated his opposition to the action of the supervisors.

And the question arrises whether the defendant, by appearing at the laying out of the highway and not objecting to the action of the supervisors for want of notice, is to be deemed to have waived that irregularity, and is now concluded by the proceeding. Upon that question the court below, among other things, was requested by the defendant to give this instruction, viz.: "4th. That if the jury find that written notice was not given to the defendant that the supervisors would meet to decide upon the application to lay out the highway, and that the defendant was present at the time of the meeting, yet the presence of the defendant is no waiver of the notice, unless he expressly consented to the laying out of the proposed road over his land, or subsequently ratified their actions by taking the money awarded to him for the land, or by adopting their actions by some act of his own." This instruction the court declined to give, but, at the request of the state, directed the jury that it is too late for the defendant to urge the objection that he had no sufficient notice of the time and place of the meeting of the

supervisors, if it appears that he had actual notice, and he or his agent attended and was heard before the supervisors in opposition to the road. That he was entitled to a written notice, but by his appearing and objecting to the road, without objecting to the regularity of the notice, the objection may be considered as waived.

It appears to us that the instruction asked by the defendant contained a correct statement of the principles of law applicable to the case, and should have been given, while as a matter of course the instruction given was erroneous. The decision in *Rœhrborn v. Schmidt, supra,* is directly in point upon this question. In that case it was claimed that if a party is present at the meeting of the supervisors for deciding an application for laying out a highway, and makes no objection to their proceedings, but allows them to proceed informally, taking no part in their action, that he is afterwards estopped from contesting the regularity of the proceedings of the supervisors in any collateral suit. But this position was overruled by the court as incorrect and unsound. The court held that there was no ground for saying that a party was estopped by his silence under such circumstances; that he was under no obligation to state his objections to the supervisors against laying out the highway, but that it was their duty to conform their action to the requirements of the statute. The owner stands upon his strict legal rights, and cannot be presumed to waive any objection because he fails to make it before the supervisors. The doctrine of that case is decisive of the one before us. Here the evidence is conclusive that the defendant protested against the laying out of the road, though he did not place his objection on the ground that he had not been served with the proper notice.

The counsel for the state contends that this case is distinguishable from that of *Rœhrborn v. Schmidt,* but we fail to see any ground for a distinction in the two cases. If a party is not to be presumed to waive an objection because he fails to make it before the supervisors in the one case, no presumption can

State of Wisconsin vs. Langer.

arise that the objection that the proper notice was not given was waived in the other. Of course, a party, by accepting the damages awarded him for laying out a highway, is estopped from contesting the validity of such highway. This was in substance the decision in *Karber v. Nellis et al*, 22 Wis., 215.

That doctrine rests upon very rational ground. But to hold that a party who happens to be present at the meeting of the supervisors to decide upon the application must raise all or each precise objection to their proceedings, or that he will afterwards be estopped from objecting to the action of the supervisors is quite a different matter. We decline to depart from the rule already laid down by this court upon the subject.

In order to maintain the action, it was essential to show that a legal highway existed which had been encroached upon by the defendant. And, to show that such a highway existed, it was attempted to prove that the proceedings of the supervisors had been conformable to the statute. But there was a fatal defect in those proceedings on account of the failure to give the written notice to the defendant. Hence the question whether he had waived the notice by being present at the meeting of the supervisors and not making that precise objection to their action was very important. And for the ruling of the court upon that point there must be a new trial.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial is awarded.