## LIBERTY B. RAYMOND

### *vs.*

## THE COUNTY COMMISSIONERS OF STEARNS COUNTY.

By chapter 110 of Special Laws of 1869, as amended by chapter 142, of Special Laws of 1870, the plaintiff was required to locate, survey, and establish, in the manner therein prescribed, a state road through Stearns county, at the rate of three dollars per day, to be paid by said county; and the county auditor of said county was required to issue its orders in payment of what the county commissioners of said county should find to be properly and justly due the plaintiff under the provisions of said act. *Held*, that upon the performance by plaintiff of the duties thus imposed upon him, and due presentment to defendants of his account therefor, and demand of payment, and the rejection and disallowance thereof by

Raymond v. The County Commissioners of Stearns County.

them, an action lay for plaintiff against the county to recover the amount due him under said act, and that it is no objection to his recovery, that said special acts make no provision for assessment of land damages, or that they have not been assessed by the county commissioners.

The plaintiff, one of the commissioners appointed by chapter 110 of Special Laws of 1869, to locate, survey and establish a state road through certain counties, including Stearns, brings this suit in the district court for Stearns county, alleging, substantially, that he had performed the duties required of him by said act, as amended by chapter 142, of Special Laws of 1870 ; that in performing the same he was actually and necessarily employed for fifteen days within the county of Stearns ; that he had duly presented to the defendants his account for such services in the manner prescribed by law, and demanded payment thereof, and that such account was rejected and disallowed by the defendants.. The defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and the defendants appeal to this court.

L. W. COLLINS, for Appellants.

CHARLES D. KERR, for Respondent.

By the Court.—RIPLEY, CH. J.—By chapter 110 of Special Laws of 1869, plaintiff was required to locate, survey and establish the road therein described. The complaint alleges that he has done so. Whether thereby the land of individuals over which it was located, was taken for public use, within the meaning of the constitution, we need not determine. Take it that it was. It is no objection to plaintiff's recovery, that he has not assessed damages therefor ; the act don't require it, and if it did it would have been unconstitutional. Langford vs. Ramsey County, 16 Minn. 375.

By General Statutes, chapter 13, section 66, Laws of 1868, chapter 48, section 3, it is provided that all damages claimed in the location of a state road through any of the organized counties of the state shall be determined by the county commissioners, the same as in the case of county roads.

If the special statute and general laws, taken together, provide, the one for the laying out of the road, and the other for compensation to the land owner, as required by the constitution, it is no answer to a demand for payment by him who has laid out the road, that the county commissioners have not assessed the damages. He has done his part, it is no reason for not paying him that they have not done theirs.

Under the amendatory act, it seems that he was to be paid by county orders of the respective counties through which the road was to pass.

The complaint states that in doing said work plaintiff was actually and necessarily employed for fifteen days within the limits of said county; the due presentment of his accounts therefor, and demand of payment, and that the defendants rejected and disallowed his said claims and account. Thereupon a money action lies.

It is quite plain that this amendatory act does not contemplate, as defendant supposes, the presentment to the county commissioners of any account for assessed damages.

The requirement of the original act, that the auditor shall issue orders in payment of such accounts as the road commissioners shall certify on oath to be due, is abrogated by the amendment, so that there is nothing left wherefrom to infer that any accounts whatever are to be certified on oath by the road commissioners.

The requirement of said amendatory act, that the county auditor shall issue orders in payment of such accounts, including assessed damages, as the county commissioners shall find

Raymond v. The County Commissioners of Stearns County.

to be properly and justly due, leaves the county commissioners to pass upon all the claims arising under the special act, whether of the plantiff or his employers, or the land owner, upon like evidence as in all other similar cases of claims against a county. *Special Laws* 1870, *ch.* 142.

But take it that the general laws provide no practical mode of assessing any such damages arising under this act. Then it may be said that the location, survey and establishing of the state road is ineffectual to take private property—that the public have acquired no easement, that there is no road in fact established. Assume that this is so. The statute, on this construction, has declared that the *effect* of the acts done by the plaintiff, shall be to make a road to all intents, one over which the public have a right to pass, which effect, such acts *cannot* have.

That is no reason why the plaintiff should not be paid for doing what he was required to do. There is nothing illegal in surveying and staking out on the land a route for a highway, or in making a plat of such route, or in filing it for record, which are the acts *he* was to do. That by reason of some defect in the laws, such acts may not have the *effect* the legislature meant them to have, does not concern the plaintiff. He was ordered to do a certain thing in itself wholly innocent, for which a certain rate of compensation was provided, and he has done it.

It was lawful for the legislature to direct him to do it ; it was lawful for them to provide that he should be paid for it. Why not pay him ?

It may be urged that as his work is ineffectual to create a highway through Stearns county, the county should not be called on to pay for useless work. This begs the question however. A survey and plat may be a work of utility. It would seem to be an important step, at any rate, toward

the establishment of a highway. If it is necessary to provide a mode of compensating land owners before the highway can be established, that can be done afterwards.

If Stearns county would have a special and peculiar interest [as it certainly would,] in having a highway completely established and opened through its limits, it would have such an interest in having a survey and plat of such a contemplated highway, as ascertaining the feasibility of opening it between the proposed termini, and a suitable route therefor. .

This special and peculiar interest is as good ground for requiring it to pay the bills for such survey, as for a complete establishment of the road, including the assessed damages, though the whole public will be benefited by the road.

Order overruling demurrer affirmed.