Seifert vs. Brooks.

SEIFERT VS. BROOKS.

CONSTITUTIONAL LAW. (1–4) *Condemnation of private property, by municipal corporation—What notice must be given the owner.* (5) *Waiver.* (6) *Estoppel.*

1. Under that provision of the constitution of this state (art. XI, sec. 2), which declares that "no municipal corporation shall take private property for public use against the consent of the owner, without the necessity thereof being established by the verdict of a jury," the proceeding to determine such necessity is *adversary* (*Lumsden v. Milwaukee*, 8 Wis., 485), and no step in its nature final is valid if taken without *notice* to the owner of the property.
2. A village charter (P. & L. Laws of 1871, ch. 381) attempts to regulate the proceeding to determine whether land sought to be condemned

for a street in said village is necessary for that purpose (secs. 38–40), but makes no provision for *notifying the owner* of the time and place for the *assembling of the jury*. *Held*, that this omission renders the act, as to this subject, *unconstitutional*, and the proceedings taken under it *wholly void*. *Hood v. Finch*, 8 Wis., 381.

3. Whether the omission to provide for notice to the property owner of the time and place appointed for the *selection of the jury* would have the same effect, is not here decided.

4. The provision of said act which requires the jury to hear the declarations of the parties interested for or against the laying out of the street, does not relieve the objection that no *notice* to the party is provided for.

5. Where the act is void for failing to provide for notice, the facts that the property owner has been notified of the time and place of meeting of the jury, and that he is *actually present* at such meeting, but *without taking any part*, do not give the proceeding validity; nothing being done by him which constitutes a *waiver* of his rights. *State v. Langer*, 29 Wis., 68.

6. The land owner in such a case objected to the damages offered him by the village trustees on laying out the streets, and thereupon a jury was summoned pursuant to said charter, who assessed the damages, but it does not appear that the land owner accepted them. *Held*, that he is *not estopped* by these facts from denying the validity of the proceedings to determine the necessity of taking his land. *Damp v. Town of Dane*, 29 Wis., 419.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action commenced in justice's court and removed by appeal to the circuit court, where a trial by jury was waived. The complaint is in the usual form for trespass in breaking and entering plaintiff's close and removing his fence. The answer sets up as a justification an order of the board of trustees of the village of Waupun, directing him, as street commissioner, to open a certain street in the village, and alleges that the pretended trespasses were committed by him as street commissioner under said order.

Section 38 of the charter of Waupun (ch. 381, P. & L. Laws of 1871) provides, in substance, that no street shall be laid out under the act until the necessity therefor is determined by the verdict of a jury; that on application therefor the trustees

shall cause a jury of twelve to be summoned to determine the question; and that at the appointed time and place the jury shall inquire into and determine the matter under oath, and give their written verdict. Section 39 determines the effect of their verdict. Section 40 provides, in substance, that the jury shall be under the charge of the marshal, *shall hear the declarations of the parties interested for or against the laying out or opening of said street*, and shall take such evidence as a majority of the jury deem proper, and shall take a view of the premises. The charter does not require notice of these proceedings to be given to the party ; and no such notice was given in this case.

It appeared from the evidence that after the jury had determined that the street was necessary, and a street ordinance, adopted by the board of trustees, laying out the street, and awarding the plantiff fifty dollars damages, had been published, the plaintiff appealed from the award, and a jury was called, which assessed his damages at fifty dollars.

The plaintiff proved the facts alleged in the complaint; and the defendant introduced in evidence the order of the board of trustees requiring him to open the street, and also the preliminary proceedings on which this order was based, and the plaintiff's notice of appeal from the award of damages.

The court found that the allegations of both the complaint and answer were true; and held that the charter does not confer upon the board of trustees the power to lay out streets, and that the order of the board is not a protection to the officers, unless there is a legally laid out street.

Judgment for the plaintiff, for five dollars damages, and costs; from which defendant appealed.

*Eli Hooker*, for appellant :

1. Section 40 provides for notice being given, but does not provide for the *manner*, and this is not necessary. The only object of the notice is, that the rights of the parties may be protected; and this result is secured if the statute is obeyed, and the parties are *heard* by the jury. The statute requiring

notice to be given by supervisors of towns in laying out highways, makes no better provision than sec. 40 for notice. Sec. 56, ch. 19, R. S. It is true, this section prescribes the manner of giving notice ; but no positive *proof* of the service is required. · Secs. 56 and 57. Under the charter the jury have no right to make a determination without hearing the declarations of the parties interested. There is no provision in the constitution requiring notice to be given before private property can be taken for public use. 2. The plaintiff is estopped from denying the validity of the order laying out the street, by his appeal from the award. *Karber v. Nellis*, 22 Wis., 215 ; *State v. Langer*, 29 id., 74. By appealing, he acted upon and treated the proceedings as valid.

*E. Connit*, for respondent :

1. The constitution of this state (art. I, sec. 9) declares that every person shall have a complete remedy, conformably to the laws. Before private property can be taken for public use, there must be fixed rules therefor; it must not be left to the mere caprice of any one. 2. The irregularities in this case were not waived. *Lumsden v. Milwaukee*, 8 Wis., 485 ; *Hood v. Finch*, id., 381.

DIXON, C. J. Of what value is the constitutional guaranty (sec. 2, art XI), that "no municipal corporation shall take private property for public use against the consent of the owner, without the necessity therefor being first established by the verdict of a jury," if the owner of the property is to have no notice of the time and place of the meeting of the jury to inquire into and determine upon the necessity ? As determined in *Lumsden v. Milwaukee*, 8 Wis., 485, 494, the proceeding is strictly adversary ; the corporation, representing the public, being the party on the one side, and the person whose property it is proposed to take, the party on the other. Where such is the character of the proceeding, the law is most justly unrelenting in its abhorrence and unalterable in its condemnation of

every act or step, in its nature final, which shall be done or taken *ex parte*, or without notice to the other party, where such notice can be given. It will not tolerate such act or step, but unhesitatingly declares it void upon the broadest and most obvious grounds of natural reason and justice. If the whole proceeding be *ex parte* or without notice, where notice should be given, or if such be the character of the determinatory act, the law condemns it *in toto*, and disregards it from the beginning. That every man is entitled to his day in court, and must have it, and cannot be affected in his person or his property, unheard or without the privilege secured to him of appearing or being represented in his own defense, if he so desires, is a maxim the force and importance of which every good lawyer appreciates, and one which no court ever surrenders. As the defendant or party in interest in the proceeding to establish the necessity for the taking of his property, the plaintiff in this action, who was the owner, was wholly without notice. The entire proceeding was regulated or attempted to be by secs. 38, 39 and 40 of the village charter, being ch. 381, P. & L. Laws of 1871, which made no provision whatever for the giving of any notice to the owner of the time and place for the assembling of the jury to consider and determine the question of necessity, and none for his notification of any previous step in the proceeding, from the application made to the trustees to the verdict, inclusive. It is provided that the trustees shall cause to be summoned, by the marshal of the village, a jury of twelve disinterested freeholders, residents of the village; but no provision is made that the owner of the property shall be notified of the time and place of such drawing or selection. It is certainly very proper that the charter should provide for the selection of a jury of disinterested freeholders ; and it would seem all the more proper that the property owner should also have notice of the time and place of such selection, in order that he may be heard in his objections, if he has any, to the persons, or any of them, chosen or proposed to be by the mar-

shal, that they are not disinterested. The absence of any clause requiring such notice to be given would seem, therefore, to constitute a very serious objection to the statute; but omitting this from our consideration, and looking only to the other defect, namely, that no notice is required to be given of the time and place of the assembling of the jury, the act must in this particular be held unconstitutional and void, and the proceeding taken under it also inoperative and wholly void. It is true that sec. 40 enacts that the jury shall hear the declarations of the parties interested for or against the laying out of the street, and shall take such evidence as a majority of the jury think proper; but this, with no regulation for the giving of some reasonable notice enabling the land owner to appear, must in general, if not always, also be found a fruitless and nugatory provision. In *State v. Langer*, 29 Wis., 68, it was held that the failure to give the occupant of land the notice prescribed by the general statute relating to the laying out of highways in towns, invalidated the proceeding; and that notwithstanding the occupant received notice in some other way, and was present at the meeting of the supervisors to decide upon the application. And in *Lumsden v. Milwaukee, supra*, where the act was held unconstitutional because it did not provide that the jury should be sworn before acting, it was likewise decided that the fact that they were actually sworn did not aid their acts or render them any more valid than if they had acted without oath. It is not seen, therefore, how, if the plaintiff had been notified of the time and place of meeting, or if he had been present at such time and place, but taking no part, either circumstance could have availed to cure the defect or render the proceeding of any validity. It is the omission or unconstitutional feature in the statute which vitiates, and that can be cured only by the legislature itself, or, in particular cases, it may be, by the waiver or voluntary abandonment of his constitutional rights by the land owner, who has that power.

The case of *Hood v. Finch*, 8 Wis., 381, is directly in point

upon the question we have been considering; for it was there held that a provision in the charter of the city of Racine, authorizing the summoning of a jury to determine the necessity, without any notice to the owner, was in violation of the constitution, and consequently void.

A further objection urged against the maintenance of this action is, that the plaintiff waived or is estopped from now asserting his constitutional right, by reason of the claim made by him, under section 27 of the charter, for greater damages than were offered by the trustees upon the laying out of the so-called street; and the cases of *Karber v. Nellis*, 22 Wis., 215, and *State v. Langer, supra*, are cited. Upon the claim so made, a jury was summoned as prescribed by section 28, who assessed the damages of the plaintiff at the sum of fifty dollars; but it does not appear that the plaintiff ever accepted them. The cases cited hold that where defective proceedings are resorted to for the purpose of laying out a highway, and the land owner *accepts* the damages awarded, he is estopped from contesting the validity of the highway, and the act may be regarded as a dedication. The claim for damages thus made, or participation in the assessment, ought not to be regarded as a waiver or estoppel, unless the plaintiff could in those proceedings have raised or taken the objection that the prior proceedings to determine the necessity were defective and void. It is very clear that no such objection could have been taken. The case of *Damp v. Town of Dane*, 29 Wis., 419, decides this; and the principle there held upon the subject of waiver seems to be that which should govern here. Objecting to the sum offered as damages, and accepting the damages awarded, are acts widely different in their nature, and which can not have the same effect. We are of opinion that the plaintiff did not waive his constitutional right to the verdict of a jury determining the necessity for the taking, and that he is not precluded from asserting or taking advantage of the invalidity of the proceedings in that regard.

*By the Court.* — Judgment affirmed.