BROWN, P. J., concurred; CULLEN, J., not sitting.

Judgment reversed, with costs, and demurrer overruled, with leave to defendant to answer in twenty days on payment of costs.

In the Matter of the Petition of THE CITY OF BROOKLYN, Respondent, for a Decree Compelling CHARLES FRANZ, Appellant, to Take Down and Remove a Certain Frame or Wooden Building Erected and Maintained Within the Fire Limits of Said City.

*Section 51 of title 14 of chapter 583 of 1888 is unconstitutional — deprivation of property without notice — due process of law — charter of Brooklyn — limitation of the use of property.*

Deprivation of property without due process of law is inhibited by both the Federal and State Constitutions.

While the term "due process of law" may not be susceptible of a precise definition which will include all cases, yet it always requires an opportunity to be heard. Notice of some kind is essential, and, because there is no provision in section 51 of title 14 of the charter of the city of Brooklyn (Chap. 583 of 1888) for notice or an opportunity to be heard, it is violative of the constitutional provisions for the protection of property rights.

The fact that in a particular case thereunder notice was given is insufficient to sustain the proceeding authorized thereby so as to answer the requirements of the Constitution; the statute itself must confer the right to notice.

*Semble,* that where the State simply limits the use of property in furtherance of the public welfare, no notice to the owner is necessary.

APPEAL by Charles Franz from a decree of the City Court of Brooklyn in favor of the petitioner, entered in the office of the clerk of the county of Kings on the 17th day of November, 1894, upon the decision of the court rendered after a trial at the Special Term of the City Court of Brooklyn, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's

office on the 30th day of June, 1894, denying his motion to dismiss the proceeding.

*John R. Kuhn*, for the appellant.

*Albert G. McDonald* and *F. S. Angell*, for the respondent.

DYKMAN, J.:

This proceeding was instituted in the City Court of Brooklyn upon a petition for the removal of a frame building from the lot of the defendant in Kosciusko street in that city.

The charge against the defendant is that he has erected a frame structure within the fire limits of the city in violation of the city charter.

The statute upon which the prosecution is based is this: "The Supreme Court of the State of New York, the County Court of the county of Kings and the City Court of Brooklyn shall, upon petition, respectively have power and jurisdiction to adjudge and decree that any store, storehouse, dwelling or other building that has or may hereafter become dangerous or insecure, or any building erected or altered, or in the course of erection or alteration, in violation of the provisions of this title shall be taken down and removed, or repaired and supported in a proper manner. Any owner, agent, lessee or occupant of any building against which a decree shall be made, as hereinbefore provided, who shall neglect, refuse or fail to comply with the terms of any such decree shall be deemed guilty of contempt, and be punished as now provided by law for the punishment of contempt." (Laws of 1888, chap. 583, tit. 14, § 51, Brooklyn City Charter.)

The foregoing statute assumes to confer upon certain courts the power to order the destruction or removal of any building which has or may become dangerous in violation of the city charter, and the objection raised against it is that it makes no provision for any notice to the owner of such building, or for any opportunity to be heard in the proceedings for the destruction of his property.

We think the objection is well founded. The deprivation of property without due process of law is inhibited by both the Federal and State Constitutions. While the term "due process of law" may not be susceptible of a precise definition which will include all cases,

yet it has ever been held to require an opportunity to be heard. Notice of some kind is essential, and because there is no provision in this statute for a notice or an opportunity to be heard, it is violative of the constitutional provisions for the protection of property rights. (*Stuart* v. *Palmer*, 74 N. Y. 190.)

The fact that notice was given to the defendant of the proceedings in this case is insufficient to meet the difficulty. To answer the requirements of the Constitution the statute itself must confer the right to a notice.

We have not overlooked the fact that there are numerous statutes in this State which subject the owners of buildings, both public and private, to many limitations and requirements and entail upon them additional expense. In crowded cities buildings cannot be constructed, within certain districts, of inflammable materials. Fire escapes are required and water must be introduced upon each floor of certain houses. These are but examples, and under such statutory provisions the owner is entitled to no compensation for the increased expense to which he is subjected, and no provision is made for any notice or opportunity to be heard.

The distinction is this: Such statutes only regulate the use of property, while the statute under review provides for and contemplates its destruction without compensation. It actually devotes private property to the public. In its enforcement the State may destroy the property of a citizen without remuneration and without notice, and that is taking the property in the constitutional sense. It is much more than a circumscription and limitation of the use of property which may be justified under the police power of the State. It is annihilation and destruction.

Under the police power the use of property may be subjected to restraints for the welfare of the public which will involve expense, without notice and without compensation, but property cannot be destroyed for such purpose without due process of law.

The decree should be reversed, with costs.

BROWN, P. J., and CULLEN, J., concurred.

Decree reversed, with costs.