EUNICE H. WILBER, APPELLANT, V. CHARLES L. REED ET AL., APPELLEES.

FILED JUNE 25, 1909. No. 16,062.

1. Constitutional Law: EMINENT DOMAIN. That part of section 8605, Ann. St. 1907, authorizing the city council of cities of the first class to appoint a second set of assessors, which requires them to proceed on the day following their appointment to meet at the place designated for the meeting of the first board of assessors, and proceed without further notice to appraise the damages to the owners of property condemned for park purposes, is unconstitutional, because it amounts to the taking of private property for public use without due process of law.

2. Injunction: EMINENT DOMAIN. Proceedings for the condemnation of property under the provisions above set forth may be enjoined.

APPEAL from the district court for Gage county: JOHN B. RAPER, JUDGE. Reversed and judgment entered.

Hazlett & Jack, for appellant.

R. W. Sabin and A. H. Kidd, contra.

BARNES, J.

This action was brought in the district court for Gage county against Charles L. Reed, mayor of the city of Beatrice, and the other defendants as members of the city council, to enjoin them from appropriating the plaintiff's property, to wit, lot 4, block 36, of said city, for park purposes. When the action was commenced, a tem-

porary restraining order was issued which was kept in force until the final hearing, at which time the district court upon the issues joined found generally in favor of the defendants, dissolved the restraining order and dismissed the plaintiff's petition. From that judgment plaintiff has appealed.

The grounds urged for a reversal are: First, lack of jurisdiction to make the appraisement, for the reason that the appraisers were not disinterested freeholders; second, want of notice to the plaintiff of the appointment of the second set of appraisers, and of the time and place at which they were to meet and appraise the plaintiff's property; third, the unconstitutionality of the provision of the city charter authorizing the mayor and council to reject the appraisement of property taken for park purposes, and appoint a second set of appraisers to act without further notice to the landowner; fourth, the invalidity of the ordinance under which the defendants acted; fifth, because the city had no available funds to pay for the land in question.

An examination of the record satisfies us that the proceedings of the city council were regular and conformed substantially to the provisions of the city charter, and that a fund was provided for the payment of plaintiff's damages. Therefore plaintiff's right to the relief prayed for by her petition depends entirely upon the question of the validity of the statute above mentioned. The record discloses that the city council, after considering several locations for a public park, decided to locate the same on the north half of block 36, and by resolution appropriated and set apart lots 1, 2, 3 and 4 of that block for that purpose. A committee was appointed by the council to purchase the above described lots, if possible, and it appears that they succeeded in purchasing all of the property except lot 4, which is owned by the plaintiff. They were unable to come to an agreement with her, and therefore recommended that an ordinance be passed appropriating her property for park purposes. The ordi-

nance was regularly passed, and appraisers or assessors, as they are designated by the statute, were appointed to assess the value of the plaintiff's property. One of the assessors refused to serve, and another was appointed in his place. The appraisers met at the time and place named in the ordinance, and were about to proceed with their appraisement, when they were restrained from so doing by an order of the district court. It further appears that the restraining order was thereafter dissolved, and the city council thereupon, acting under the provisions of section 8605, Ann. St. 1907, appointed three other assessors to appraise plaintiff's damages; that such appraisement was made; and that the plaintiff thereafter commenced this suit to restrain the defendants from taking her property under the proceedings above set forth.

Section 8605, *supra,* which is a part of the charter of the defendant city, provides in substance that, when it shall become necessary for the city to appropriate private property for the use of parks, etc., such appropriation shall be made by ordinance, and there shall be appointed by the council in the ordinance making the appropriation three disinterested freeholders of the city to assess the damages, who after taking an oath to discharge their duty faithfully and impartially shall on the day provided in said ordinance view the property appropriated, and on the same day, or as soon thereafter as practicable, shall make, sign and return to the council in writing a just and fair assessment of the damages for each piece or lot of property which in whole or in part is so appropriated. It also provides that the ordinance appropriating property shall be published in a newspaper published in the city, and of general circulation therein, as much as 30 days before the meeting of the assessors; that such publication shall be sufficient notice to nonresident owners and parties interested, but, where the owners in fee reside in the city, the clerk shall deliver to each of them,

52

or, when the owners cannot be found, to some persons at
their respective residences, the newspaper containing the
ordinance, and shall at the same time call the attention
of the person to whom the same is delivered to the ordi-
nance published in the paper; and that these facts shall
be certified to by the city clerk upon the book in his office
in which the ordinance is recorded. The charter further
provides, as follows: "At the next regular meeting of
the council after such assessment, the council may va-
cate such assessment, if unjust, and, if so vacated, or in
case of a failure to obtain the assessment, for any cause,
the council by resolution may appoint other three assess-
ors; and, in that case, such new assessors shall, on the
day following their appointment, without further notice,
meet at the place fixed by the ordinance for meeting of
the assessors, and * * * shall proceed as provided for
the first board of appraisers." Ann. St., sec. 8605.

It is plaintiff's contention that the provision of the
charter above quoted is unconstitutional and void be-
cause no notice of the appointment of the second set of
appraisers or the time and place of their meeting is re-
quired thereby, and that a compliance with this provision
without notice would deprive her of her property without
due process of law. A like question was before the su-
preme court of New York in the case of the *People v.
Tallman,* 36 Barb. (N. Y.) 222. There a commissioner of
highways instituted proceedings for a reassessment of
the damages sustained by a person whose land had been
taken for a public road. It was there held that the land-
owner was entitled to notice of the impaneling of the
jury, and of the subsequent proceedings before them, and
it was said: "The spirit and intention of the act, in
directing the jury to hear the parties and their witnesses,
requires that the parties should have notice of the pro-
ceeding; and independent of anything in the statute, no
proceeding affecting judicially the rights of another, oc-
curring in his absence without notice, can be valid." In
*Rathbun v. Miller,* 6 Johns. (N. Y.) *281, an admeasure-

ment of dower was set aside because the tenant had no notice of the application to the surrogate for commissioners, although the statute did not provide for or require any such notice. It is contended by defendant's counsel that the proceeding is a continuous one, and that, as the plaintiff had the notice required by statute of the first steps, he is to be presumed to have notice of all subsequent steps. It is manifest that, if this reasoning be sound, the application of the wholesome principle of general jurisprudence above stated would be of no avail in such a case. It would be of little or no advantage to a party to be notified when the first set of appraisers would meet, if he was not to be informed when the second set of appraisers would meet so that he might present his proof and be heard before them. In point of fact, however, this is not one continuous judicial proceeding. The passage of the ordinance, of which the plaintiff was notified, was merely the first step toward constituting the tribunal which was to pass upon her rights. Now, the statute makes no provision for notice of the proceeding to constitute the second tribunal, which was to determine a question affecting her property, and requires no notice of the proceedings of the second tribunal toward a judicial examination and determination of that question. In this, therefore, the statute seems to be fatally defective.

In *City of Brooklyn v. Franz*, 33 N. Y. Supp. 869, it was said: "Brooklyn City Charter, tit. 14, sec. 51, providing that any building in violation of the provision as to fire limits may be removed, but not requiring notice to be given to the owner of such building, is void, as authorizing the taking of private property without due process of law, and the objection is not obviated by giving notice to the owner." The deprivation of property without due process of law is inhibited by both the federal constitution and the constitution of this state. While the term due process of law may not be susceptible of a precise definition which will include all cases, yet it has ever been held to require an opportunity to be heard.

Notice of some kind is essential, and because there is no provision in the statute in question for a notice or an opportunity to be heard it is violative of the constitutional provisions for the protection of property rights.

A like question was before the supreme court of Wisconsin in *Seifert v. Brooks,* 34 Wis. 443. The village charter of the village of Waupun contained provisions attempting to regulate the proceeding to determine whether land sought to be condemned for a street in the village was necessary for that purpose. It made no provision, however, for notifying the owner of the time and place of the assembling of the jury. It was held that the omission rendered the act as to that subject unconstitutional, and that the proceedings taken under it were wholly void. In deciding the question Chief Justice Dixon said: "As determined in *Lumsden v. Milwaukee,* 8 Wis. 485, the proceeding is strictly adversary; the corporation, representing the public, being the party on the one side, and the person whose property it is proposed to take the party on the other. Where such is the character of the proceeding, the law is most justly unrelenting in its abhorrence and unalterable in its condemnation of every act or step, in its nature final, which shall be done or taken *ex parte,* or without notice to the other party, where such notice can be given. It will not tolerate such act or step, but unhesitatingly declares it void upon the broadest and most obvious grounds of natural reason and justice. * * * That every man is entitled to his day in court, and must have it, and cannot be affected in his person or his property, unheard or without the privilege secured to him of appearing or being represented in his own defense, if he so desires, is a maxim the force and importance of which every good lawyer appreciates, and one which no court ever surrenders."

*State v. City of Fond du Lac,* 42 Wis. 287, was a case where the property of the relator had been assessed by the respondent for benefits resulting from a certain street improvement. The assessment was contested on the

ground that th statute which failed to provide for the giving of personal notice to the property owner was unconstitutional, and the proceedings were therefore void. In the opinion in that case we find the following: "It follows from these views that, on account of the failure of the charter to provide for the giving of personal notice to the owner of the property of the time and place of the appointment and meeting of the jury to inquire into and determine the necessity, the proceedings were void, and were properly vacated by the circuit court." Due process of law in the most comprehensive sense implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty or property, to be heard by testimony or otherwise, and to have the right of controverting by proof every material fact which bears on the question of right in the matter involved. This is a right of which the property owner cannot be deprived by courts, city council, or even by the legislature itself, for any act which authorizes an appropriation or the damaging of property for public use in any manner, or by any person or persons, must further provide for compensating the owner of the property, and a notice of the time and place where he may be heard upon the question of the amount of his damages. *McGavock v. City of Omaha,* 40 Neb. 64.

It is insisted that the provision for an appeal contained in the statute in question obviates the constitutional objection, and amounts to due process of law. To our minds, however, this provision renders it all the more necessary that the property owner should have notice of the time and place of the appraisement, for, without such notice, he might by lapse of time and without his knowledge be deprived of the right of appeal, and in such case he would have no redress. We are therefore of opinion that so much of section 8605, *supra,* as provides that the second set of assessors appointed to appraise the damages to property condemned for park purposes shall on the day following their appointment, without further notice,

meet at the place fixed by the ordinance for the meeting of the assessors and proceed to appraise the damages to such property is unconstitutional and void. We are satisfied that the provision above mentioned does not affect the remainder of the section, which we hold to be a valid exercise of legislative power. It follows that, in order to lawfully condemn the plaintiff's property, the mayor and city council must institute new proceedings for that purpose.

For the foregoing reasons, the judgment of the district court is reversed, and the defendants are enjoined from appropriating plaintiff's property under the proceedings complained of.

JUDGMENT ACCORDINGLY.