BERNARD McCAFFREY, *Plaintiff in Error*,

vs.

JAMES NOLAN, *Defendant in Error*.

ERROR TO THE WASHINGTON COUNTY COURT.

A writ of certiorari will not lie to reverse a judgment of a justice of the peace in an action of replevin where the value of the property replevied, as found by the justice exceeds fifteen dollars.

It was the intention of the statute to give to the party dissatisfied with the judgment, the right to appeal in all cases, where the effect of the proceedings before the justice is, to give to the prevailing party, the possession of property of a value exceeding fifteen dollars, although the order by which he gets possession, is not technically in the form of a judgment.

Where the value of the property and the damages together exceed the sum of fifteen dollars, an appeal and not a certiorari is the proper remedy, by which to remove the cause to the County Court.

If certiorari is brought, when appeal is the proper remedy, a motion to dismiss is correct practice, and it is error to deny such motion.

This was an action of replevin commenced by the plaintiff in error against the defendant in error before Reuben Wells, Esq., a justice of the peace of said county of Washington, for the recovery of certain property valued at $17.00. The property was replevied by the officer, and upon the return of the writ, the parties appeared, the defendant pleaded the general issue. The issue was tried by the justice. A judgment for fifty cents damages, and $11.82 costs was rendered for the plaintiff. The value of the property was found to be $17.00, and an order was made, that the constable deliver the property to the plaintiff.

To this judgment of the justice, the defendant prosecuted a writ of certiorari, by which the cause was removed to the County Court.

Upon the return of the justice, the plaintiff in error moved the County Court to dismiss the writ of certiorari, for several reasons, among which, and the only one considered by this court, was the following:

" That the judgment of the justice showed the value of the property to be $17.00; and the plaintiff insisted that the defendant should have prosecuted an appeal instead of bringing a writ of certiorari.

*A. M. Blair*, for the plaintiff in error, contended that a writ of certiorari will not lie to bring the cause from before the justice to the County Court. The judgment of the justice was, that the property replevied, was worth $17.00, which was the true criterion, by which to decide whether the suit should be further prosecuted by appeal or certiorari, instead of the damages, which, in cases of replevin, are merely nominal. *R. S.* 464, § 150.

*E. S. Turner*, for the defendant in error. The point raised by the plaintiff in error, is, whether the value of the property, as found by the justice or the jury, shall be the criterion upon which to base a certiorari, or whether it shall be the damages for the detention as proven and established at the trial.

The Revised Statutes, page 474, sec. 213, gives the party aggrieved the right to remove by certiorari any *judgment or order* when the same shall not exceed $15.00. Section 214 requires the party to enter into a recognizance in double the amount of such judgment and costs rendered before the justice.

Revised Statutes, 462, sec. 134, gives a party the right to bring an action of replevin before a justice of the peace, when the value of the property does not exceed $100. Rev. Stat., 464, sec. 150, renders it ob-

ligatory upon the plaintiff to prove every allegation in his complaint. On such proof the justice or jury shall find, first, the value of the goods and chattels, (the plain object of which is to solve the question whether he has jurisdiction.) Second, the damages which the plaintiff has sustained, by the detention; the first finding is to determine the jurisdiction, and the second, as to what judgment shall be rendered against the defendant. In the latter clause of said section, the justice is required to enter *an order* in his docket for the delivery of the property to the plaintiff; and *give judgment* of damages (for detention) and costs, and issue execution, &c. This view is illustrated by the provisions of section 151. We were not ordered to pay any portion of the value of the goods, but it was adjudged that we should respond in damages, upon which judgment for damages an execution could issue, and it was from that judgment, among other things, that we sought relief by a removal of the cause to the County Court.

*By the Court*, WHITON, C. J. In the consideration of this case, we have looked at only one of the errors assigned; and that is, that a writ of certiorari will not lie to reverse a judgment rendered by a justice of the peace, in an action of replevin, when the value of the property replevied, as found by the justice, exceeds fifteen dollars. This court held, in the case of * * *vs.* * * decided at the * * term, A. D. such to be the proper construction of our statute upon the subject, and we see no reason to doubt the correctness of the conclusion to which the court arrived.

Our statute, chap. 88, sec. 213, 226, provides, that " any party to a final judgment, rendered by a justice

of the peace, when the recovery shall exceed fifteen dollars, except judgment of non-suit, exclusive of costs," may appeal, &c.; and that, "if any person shall conceive himself to be injured by error in any process, proceedings, judgment or order, given by any justice of the peace within this State, it shall be lawful for such person, when the judgment shall not exceed fifteen dollars, to remove such judgment to the County Court" by a writ of certiorari, &c. In this case, it is contended by the plaintiff in error, that the judgment really recovered before the justice was for seventeen dollars and fifty cents, because the value of the property as found by the justice, and damages for its detention, amount to that sum, although there was only a judgment for the fifty cents. Our statute (*Rev. Stat.*, *chap.* 88, § 150, 151) makes it the duty of the justice, when the property has been replevied and is in the hands of the officer at the time of the trial, to enter an order in his docket, that the officer deliver the property to the party prevailing in the suit.

We think that it was the intention of the legislature to give to the party dissatisfied with the judgment, the right to appeal in all cases, when the effect of the proceedings before the justice is to give to the prevailing party the possession of property of a value exceeding fifteen dollars, although the order by which he gets the possession is not technically in the form of a judgment. In this case, the justice entered an order in his docket, directing the officer to deliver the property in dispute to the plaintiff. The value of the property exceeded fifteen dollars, and this property had been taken from the possession of the defendant by the officer when he served the writ. The result of the suit was to take from the

defendant this property, and give it to the plaintiff.
In such cases, or when the value of the property and
the damages together exceed the sum of fifteen dol-
lars, an appeal, and not a certiorari, is the proper rem-
edy. If the goods have not been replevied by the
officer, it is the duty of the justice to render a judg-
ment in favor of the plaintiff, in addition to the judg-
ment for damages and costs, that the goods and chat-
tels be replevied and delivered to him without delay;
and in default thereof, that the plaintiff recover from
the defendant the value of the goods and chattels.
*R. S.*, *chap.* 88, § 154. In such a case, there would,
technically, be a judgment for a sum exceeding fifteen
dollars (when the value of the goods was sufficient)
upon the same state of facts as exists before us, ex-
cept, merely, that the sheriff would not have replevied
the goods; and there can be no doubt that an appeal
and not a certiorari would lie; and it appears to us
in this case, that, although the form of the judgment
is wanting, we shall but carry out the intention of the
legislature, by holding that, as the plaintiff recovered
the possession of the property, exceeding in value the
sum of fifteen dollars, an appeal was the proper mode
by which to take the case to the County Court. It
follows that the County Court did not obtain jurisdic-
tion of the case by the writ of certiorari, and conse-
quently had no power to render a judgment. *Jordan
vs. Dennis*, 7 *Met. R.*, 590.

The judgment of the County Court must therefore
be reversed.