Beaser, Respondent, vs. The City of Ashland and others,. Appellants.

*October 27 — December 11, 1894.*

*Municipal corporations: Special assessment: Injunction.*

1. Void special assessment proceedings which are being prosecuted and, if not prevented, will result in creating a *prima facie* lien upon land and a cloud on the title, will be enjoined.
2. *Certiorari* is not an adequate legal remedy in such a case, since it does not issue as a matter of right.

Appeal from an order of the circuit court for Ashland county: J. K. Parish, Circuit Judge. *Affirmed.*

This action was commenced to set aside and cancel an alleged special assessment or tax on plaintiff's lots in the city of *Ashland*, and to perpetually restrain the defendant city and its officers from issuing improvement bonds or certificates therefor, and its city treasurer from in any manner collecting or attempting to collect such tax, and from returning the plaintiff's lots as delinquent for its nonpayment,. and to procure in the meantime an injunction to that effect during the pendency of the action, and preventing the defendant the city clerk from extending said special tax against plaintiff's lots on the tax roll to be delivered to the city treasurer for the year 1893. Several grounds of illegality of the special tax are stated in the complaint, and it shows that the clerk intends and is about to extend and enter said tax on the tax roll to be delivered to the treasurer for collection, and that the treasurer intends, and will upon its receipt proceed, to collect the tax, and, if not paid, to return said lots as delinquent to the county treasurer for its. nonpayment.

The defendants demurred to the complaint on the ground, among others, that the court had no jurisdiction of the subject matter, and that the complaint did not state facts suffi-

Beaser vs. The City of Ashland and others.

-cient to constitute a cause of action. The circuit court entered an order overruling the demurrer, from which the defendants appealed. ,

For the appellants there was a brief by *Geo. P. Rossman,* city attorney, and *J. J. Miles,* of counsel, and oral argument by *Mr. Miles.* They contended, *inter alia,* that there is no cloud on plaintiff's title, because the proceedings have not gone so far as to constitute a lien on the land. *Eaton v. Chesebrough,* 82 Mich. 214; *Spear v. Door Co.* 65 Wis. 298, 304; Cooley, Taxation, 305–307. Even if the assessment was a lien, it is not a cloud because it is void on the face of the proceeding, and therefore the jurisdiction of equity cannot be invoked. Cooley, Taxation, 542; Black, Tax Titles, § 216; *Shepardson v. Milwaukee Co.* 28 Wis. 593; *Heywood v. Buffalo,* 14 N. Y. 534; *Guest v. Brooklyn,* 69 id. 506. The remedy by *certiorari* is ample. *Gaertner v. Fond du Lac,* 34 Wis. 497; *Old Colony R. Co. v. Fall River,* 147 Mass. 455.

For the respondent there was a brief by *Sanborn, Dufur & Anderson,* and oral argument by *A. W. Sanborn.* They argued, among other things, that this court in a long line of cases has sustained the equitable jurisdiction of courts in this class of cases. *Meggett v. Eau Claire,* 81 Wis. 326; *Wright v. Forrestal,* 65 id. 341; *Rork v. Smith,* 55 id. 67; *Pier v. Fond du Lac,* 53 id. 421; *Pier v. Fond du Lac Co.* 38 id. 470; *Watkins v. Milwaukee,* 52 id. 98; *Johnson v. Milwaukee,* 40 id. 315; *Pound v. Chippewa Co.* 43 id. 63; *Massing v. Ames,* 37 id. 645; *Blount v. Janesville,* 31 id. 648; *Dean v. Charlton,* 23 id. 590; *Mitchell v. Milwaukee,* 18 id. 92; *Dean v. Madison,* 9 id. 402.

PINNEY, J. It is conceded that the allegations of the complaint show that the assessment or special tax in question is void, and it is clear from the allegations of the complaint that the city and its officers are prosecuting the proceeding in question, and intend to and will, unless restrained, con-

tinue it until said tax becomes a *prima facie* valid lien and cloud upon the plaintiff's title to his lots, and to a sale thereof to satisfy the same.    The defendants contend that there is no apparent cloud shown to exist upon the plaintiff's title, because the proceedings had not been carried so far as to make the tax a lien on his lots, and the tax roll had not yet been delivered to the city treasurer; that the plaintiff had an adequate remedy at law, and that no case was made for the interference of a court of equity.

In order to exclude the exercise of the equitable functions of the court, the remedy at law must be as practicable and efficient to the ends of justice and its prompt administration as the remedy in equity.    *Gullickson v. Madsen*, 87 Wis. 19, and cases cited.    *Certiorari* is not, as suggested, such a remedy, for it does not issue as a matter of right, but only in the discretion of the court.

It is beyond question that a court of equity has jurisdiction, not only to set aside and cancel a proceeding that is already a cloud upon the plaintiff's title, but to enjoin one which is being prosecuted and will, if not prevented, result in creating a cloud upon his title.    The tax roll and the certificate, in case of a sale of the plaintiff's lots, would not be void upon their face, if issued in the usual manner, and would create a *prima facie* lien on the lots.    A court of equity will not only interfere to remove or cancel an illegal claim or cloud upon the plaintiff's title, which is *prima facie* valid, but will enjoin a proceeding in a case like the present, which will necessarily create such cloud.    The tax or assessment, in an uncanceled state, has a tendency to throw a cloud over the title.    *Shepardson v. Milwaukee Co.* 28 Wis. 594. This view is the necessary result of repeated adjudicated cases.    In *Mitchell v. Milwaukee*, 18 Wis. 92, it was said that: " The doctrine has long been settled in this state that a court of equity will interfere to prevent a cloud on the plaintiff's title when his lands are threatened to be sold upon a void

tax or assessment." *Johnson v. Milwaukee*, 40 Wis. 315 ;
*Roe v. Lincoln Co.* 56 Wis. 66.

For these reasons the demurrer was rightly overruled

*By the Court.*— The order of the circuit court is affirmed.

