DIETZ, Appellant, vs. THE CITY OF NEENAH and another, Respondents.

*September 5 — November 26, 1895.*

(1) *Nonsuit: Findings of fact.* (2–5) *Municipal corporations: Sewers: Special assessments: Constitutional law: Notice: Equity: Injunction.*

1. The plaintiff in an equitable action should not be nonsuited for a failure to produce evidence to support his cause of action. Findings of fact and conclusions of law should be filed, as required by sec. 2863, R. S., and judgment should be rendered accordingly.

2. Provisions in a city charter authorizing special assessments for sewers without any notice, either actual or constructive, of the proceedings to the owners of the property to be assessed, are unconstitutional and void, as not providing for "due process of law."

3. Where the certificate of the sale of lands for a void assessment and the deed issued thereon would be *prima facie* valid, a court of equity will interfere to restrain the threatened sale and prevent a cloud upon the title.

4. Where a special assessment is void because the law under which the proceedings were had is unconstitutional and void, it need not be shown to be inequitable in order to have its collection restrained. *Hixon v. Oneida Co.* 82 Wis. 515, distinguished.

5. The substantive power of village boards to construct sewers and levy assessments therefor is derived from subd. 11, 25, sec. 892, R. S., and not from secs. 895–904 (which are subsidiary and relate merely to the condemnation of land for such purposes); and such power is therefore not conferred upon cities by sec. 927, which authorizes the common council of every city to exercise the powers conferred on village boards by said secs. 895–904 and to proceed in the manner therein prescribed to construct sewers, etc.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

This action was brought to enjoin the collection and enforcement of a special tax or assessment levied by the common council against the plaintiff's premises in the city of *Neenah* for building a sewer about 200 feet therefrom. The special tax or assessment had been carried into the tax roll

by order of the common council, and the roll had been de-
livered to the defendant *Baird*, the city treasurer, for col-
lection, and it was charged that it had become an apparent
lien or cloud on the plaintiff's title to said premises, but
that it was void for various reasons set out in the complaint,
among which was the objection that the provisions of the
city charter and amendments in relation to levying special
taxes and assessments for sewer purposes were unconstitu-
tional and void, as no provision was made for giving notice,
either actual or constructive, to lot owners, of the proceed-
ings for the levying of the assessment, at any stage before
the said special tax or assessment was levied or charged. It
further appeared that the defendant intended and would
enforce said assessment unless restrained in the manner pre-
scribed by law, which would result in the sale and convey-
ance of said premises to satisfy the same.

After answer, and at the trial, the defendants demurred
to the complaint *ore tenus* for want of equity, but the de-
murrer was overruled. At the conclusion of the plaintiff's
evidence the court, upon the motion of the defendants, non-
suited the plaintiff, but did not make any finding of facts or
conclusions of law. Judgment was given that the plaintiff
take nothing by his action, and that his complaint be dis-
missed with taxed costs, from which he appealed.

For the appellant there was a brief by *Byron S. Sanders,*
attorney, and separate briefs by *Phillips & Hicks* and
*Charles Barber*, of counsel, and oral argument by *Mr.
Sanders, Mr. M. C. Phillips*, and *Mr. Barber*. They argued,
among other things, that tax laws providing for the levy of
assessments and providing for neither *hearing, notice, or re-
vision* of the levy according to the weight of evidence by
some court or tribunal, and requiring the tax board to pre-
serve no *uniformity* throughout their levy, are unconstitu-
tional and the special taxes levied thereunder are absolutely
void. *Stuart v. Palmer*, 74 N. Y. 183; *Spencer v. Merchant*,

125 U. S. 351; *Scott v. Toledo,* 36 Fed. Rep. 385; *Kunz v. Sumption,* 117 Ind. 1; *Campbell v. Dwiggins,* 83 id. 473; *Thomas v. Gain,* 35 Mich. 162; *Griswold College v. Davenport,* 65 Iowa, 633; *Hood v. Finch,* 8 Wis. 381; *Seifert v. Brooks,* 34 id. 443. See, also, *People ex rel. Butler v. Supervisors of Saginaw Co.* 26 Mich. 22; *Davidson v. New Orleans,* 96 U. S. 97; Cooley, Taxation (1st ed.), 265. Where the taxing board has violated some fundamental principle of taxation necessarily going to the groundwork of the tax and affecting its validity, its justice, or equity, a party may maintain a bill in equity to investigate judicially the tax levy or to dispel the cloud created upon his title. *Dean v. Madison,* 9 Wis. 402; *Jenkins v. Rock Co.* 15 id. 11; *Warden v. Fond du Lac Co.* 14 id. 618; *Mitchell v. Milwaukee,* 18 id. 92; *Foster v. Kenosha,* 12 id. 616; *Fond du Lac W. Co. v. Fond du Lac,* 82 id. 322; *Beaser v. Ashland,* 89 Wis. 28. A court of equity will grant unconditional relief against a void special assessment (1) when the city council has no jurisdiction to order the improvement (*Dean v. Madison,* 9 Wis. 402; *Canfield v. Smith,* 34 id. 381; *Gilman v. Milwaukee,* 61 Wis. 588; *Rork v. Smith,* 55 id. 67, 79); (2) where jurisdiction to proceed in the premises exists, but some provision requiring some step to be taken before letting the contract has not been complied with (*Mitchell v. Milwaukee,* 18 Wis. 92; *Johnston v. Oshkosh,* 21 id. 186; *Myrick v. La Crosse,* 17 id. 442; *Massing v. Ames,* 37 id. 645; *Pound v. Chippewa Co.* 43 id. 63; *Dieckmann v. Sheboygan Co.* 89 id. 570; *Kneeland v. Milwaukee,* 18 id. 411; *Wells v. Burnham,* 20 id. 113; *Kneeland v. Furlong,* id. 437; *Fass v. Seehawer,* 60 id. 525, 535). In these proceedings all the requirements of the statute are mandatory, and courts cannot hold them directory merely because they cannot see that a noncompliance with them has not worked injury to the property owner. *Merritt v. Portchester,* 71 N. Y. 309; *Fass v. Seehawer,* 60 Wis. 535.

*J. C. Kerwin,* for the respondents, contended, *inter alia,* that the objection that sec. 96*a* is unconstitutional is probably not good, even if no notice of any kind is provided for, since the exercise of the taxing power is a sovereign right, and may be exercised in the manner prescribed by the legislature. *Baldwin v. Ely,* 66 Wis. 171; *Meggett v. Eau Claire,* 81 id. 326, and cases cited; *Warner v. Knox,* 50 id. 434. But sufficient notice is provided for in secs. 895–904, 927, R. S. These statutes are in harmony with sec. 96*a* of the charter and the provision in regard to notice is applicable. Tiedeman, Mun. Corp. § 267; *Grand Rapids S. F. Co. v. Grand Rapids,* 92 Mich. 564. The tax appearing fair and equitable, equity will grant no relief. *Warden v. Fond du Lac Co.* 14 Wis. 618; *Miltimore v. Rock Co.* 15 id. 10; *Mills v. Gleason,* 11 id. 470; *Dean v. Gleason,* 16 id. 1; *Mills v. Charlton,* 29 id. 400; *Fifield v. Marinette Co.* 62 id. 532; *Kaehler v. Dobberpuhl,* 56 id. 480; *Hixon v. Oneida Co.* 82 id. 515.

The following opinion was filed September 26, 1895:

Pinney, J. 1. There is no practice known by which the plaintiff in an equitable action may be nonsuited for a failure to produce evidence to support his cause of action. Such a motion can be made and allowed only in strictly legal actions. The course pursued in the present instance was clearly irregular. The court should have made a proper finding of facts and conclusions of law, pursuant to statute (R. S. sec. 2863), and, if of the opinion that the plaintiff upon his own showing had not made out his case, should have dismissed his complaint. The object of the statute in requiring a finding of facts and conclusions of law seems to be not only to show what was really adjudicated, but to facilitate a review of the case on appeal upon exceptions to the findings; and while it has been held that lack of or defects in the findings are not ground of reversal in an equity case if the judgment

is supported by the evidence (*Jones v. Jones*, 71 Wis. 513; *Wilkinson v. Wilkinson*, 59 Wis. 557), still we think that the statute is obligatory upon the court, and that the better practice is to make such findings, and that the practice pursued in the present case is to be discouraged. The statute is that: "Upon a trial of a question of fact by the court, its decision shall be given in writing, and filed with the clerk within twenty days after the court at which the trial took place. Judgment upon the decision shall be entered accordingly, as of the term at which the cause was tried, and the judge shall state in his decision separately: (1) the facts found by him; (2) his conclusions of law thereon." Although an appeal in equitable actions is, in substance, a new trial, there can be no doubt, we think, that the legislature intended to require that findings in equitable actions shall be made in like manner as in legal actions.

2. The city charter (ch. 184, Laws of 1883) contains no provision for giving any notice, either actual or constructive, at any stage of the proceeding, in making an assessment or levying special taxes against the property of lot owners for building sewers, nor does it, in fact, authorize any such tax or assessment. The only provision purporting to confer power upon the common council to make such assessments is found in ch. 5, Laws of 1885, amendatory of the charter, adding a new section (96a), which reads as follows: "Sewers, drains or ditches may be made or dug or repaired by the common council at the cost, charge or expense, in whole or in part as the council may determine, of the lot or lots which may be benefited thereby, and the common council shall apportion such costs, charges and expenses among and on such lots, in such proportion or amount as said common council shall deem such lots benefited thereby, and such amounts shall be levied and assessed upon said lots as a special tax, and be inserted in the tax roll first made out there-

after, and collected as other special taxes are; said work may be done by the common council or men in its employ, or let out by contract to some third party."

It will be seen that the act makes no provision whatever for any notice to the property owner at any stage of the proceeding before the issue of the tax warrant. It has been repeatedly held that "assessments for local improvements can be sustained only upon the theory that the lots or lands upon which they are laid are specially benefited thereby; that a law authorizing such assessments without reference to benefits would, in its operation, take property for public benefit without compensation, or take property from one person for the benefit of another, and in either view would be unconstitutional." *Stuart v. Palmer*, 74 N. Y. 189, and cases there cited. The power of the legislature to impose taxes and assessments for public purposes is unlimited, except as restrained by constitutional provisions, and is the exercise of the highest attribute of sovereignty; but in all such cases there must be an apportionment of the burden, either among the property owners generally or the property specially benefited by the local improvement the cost of which is to be assessed against such property; and a tax or assessment upon property, arbitrarily imposed without reference to some system of just apportionment, cannot be upheld. Property cannot be taken by the right of eminent domain without some notice to the owner, or some opportunity on his part, at some stage of the proceeding, to be heard as to the compensation to be awarded him. *Hood v. Finch*, 8 Wis. 381; *Seifert v. Brooks*, 34 Wis. 443; *State ex rel. Flint v. Fond du Lac*, 42 Wis. 287; *Kundinger v. Saginaw*, 59 Mich. 361; *State ex rel. Andrews v. Oshkosh*, 84 Wis. 559. Certainly it cannot be maintained that by assessments made without notice to the lot owner his property may be assessed to one half or more of its value, and he be deprived of it without an opportunity to be heard.

Dietz vs. The City of Neenah and another.

It has often been held that "it is a rule founded upon the first principles of natural justice that a citizen shall not be deprived of his life, liberty, or property without an opportunity to be heard in defense of his rights, and that the constitutional provision that no person shall be deprived of these without 'due process of law,' has its foundation in this rule." "Due process of law" is required in every proceeding by which a citizen may be deprived of life, liberty, or property, whether the proceeding be judicial, administrative, or executive. In general, it requires "an orderly proceeding, adapted to the nature of the case, in which the citizen has an opportunity to be heard and to defend, enforce, or protect his rights. A hearing or an opportunity to be heard is absolutely essential. We cannot conceive of 'due process of law' without this;" and the necessity of notice of the time and place of such hearing is conclusively implied. *Stuart v. Palmer*, 74 N. Y. 189; *Weimer v. Bunbury*, 30 Mich. 201; *Davidson v. New Orleans*, 96 U. S. 97; *People ex rel. Butler v. Supervisors of Saginaw Co.* 26 Mich. 22; *Thomas v. Gain*, 35 Mich. 156; *State ex rel. Blaisdell v. Billings*, 55 Minn. 467; *Spencer v. Merchant*, 125 U. S. 355. In *Philadelphia v. Miller*, 49 Pa. St. 440, AGNEW, J., speaking of taxation, says: "Notice, or at least the means of knowledge, is an essential element of every just proceeding which affects the rights of persons or of property." Cooley, Taxation, 265; *Overing v. Foote*, 65 N. Y. 263; *Murray's Lessee v. Hoboken L. & I. Co.* 18 How. 272.

We have not been referred to any case holding that the constitutional guaranty of "due process" of law does not extend to cases of local assessments, and the necessity of notice in such cases is maintained by the clearest implication in *Meggett v. Eau Claire*, 81 Wis. 331, in which the assessment in question was maintained upon the ground that the proceedings prescribed and taken in that case amounted to notice and "due process" of law, and that no other notice

need be given. The rule as to what would constitute no-
tice was carried quite as far in that case as we think it
should be, and we do not feel inclined to extend the rule in
respect to proceedings so harsh, arbitrary, and summary as
these. We hold, therefore, that the want of any provision
for notice, either actual or constructive, of the proceedings
in making assessments for sewers, renders the provisions of
sec. 96*a* in the city charter unconstitutional and void, and
that the assessment cannot be maintained.

3. The case made by the complaint and evidence shows
that the proceedings instituted, and which, it is charged, the
defendants intend to carry to a conclusion, will result in
casting a cloud upon the title of the plaintiff. The certifi-
cate of sale and deed, if issued in the usual manner, would
not be void upon their face, but *prima facie* valid; and a re-
sort to extrinsic evidence would be necessary in order to
impeach and overthrow them. The doctrine has long been
settled in this state that a court of equity will interfere to
prevent a cloud upon the plaintiff's title, when his lands are
threatened to be sold upon a void tax or assessment. *Beaser
v. Ashland,* 89 Wis. 28, 30, and cases cited.

4. The record shows that the circuit court, in refusing the
relief sought, based its action upon the case of *Hixon v.
Oneida Co.* 82 Wis. 515, in which it was sought to restrain
the enforcement and collection of taxes for general purposes,
which were, in a general sense, an equitable burden against
all property liable to taxation, and were to be made a legal
charge by proceedings to apportion this equitable burden;
and it was held necessary to show, in order to obtain equi-
table relief, that the taxes in question were not only invalid
but inequitable. Here there was no antecedent duty or bur-
den, even in the most general sense. The proceeding here
initiated was to create such a charge or duty, and the law
under which the common council acted was unconstitutional
and void; so no duty or charge whatever was created. In

Dietz vs. The City of Neenah and another.

the former case there was the power to raise money to meet certain public necessities and obligations, but in the present case there was no such authority and all that was done was by the exercise of lawless power. The distinction between the cases is clear. The rule in *Hixon v. Oneida Co.* is not applicable to assessments which are void for want of jurisdiction on the part of the common council to make them. *Beaser v. Ashland, supra.*

*By the Court.*— The judgment of the circuit court is reversed, and the case is remanded with directions to grant the relief demanded by the plaintiff's complaint.

Upon a motion for a rehearing there were separate briefs for the respondents by *J. C. Kerwin*, attorney, and *Charles W. Felker*, of counsel, and for the appellant by *Byron S. Sanders*, attorney, and *Phillips & Hicks*, of counsel.

The motion was denied November 26, 1895. The following opinion was filed December 17, 1895:

PINNEY, J. The only provision of the city charter of *Neenah*— sec. 96a (ch. 5, Laws of 1885),— authorizing the common council to make assessments for building sewers having been held unconstitutional, it is insisted, upon a motion for a rehearing, that the assessment in question was authorized by secs. 895–904, R. S., inclusive, in relation to villages, made applicable to cities by sec. 927, R. S., and which authorizes the common council of every city to exercise all the powers conferred on village boards by said sections, and to "proceed in the manner therein prescribed, to lay out, . . . open, alter, enlarge or extend any drain, canal or sewer, . . . as well as by the provisions of their respective charters; and the provisions of the sections aforesaid shall be taken as applicable to such villages and cities."

The power of village boards under the general law "to lay out, open, change, widen or extend . . . sewers,"

and make assessments therefor, is derived from subd. 11, 25, sec. 892, R. S., and from sec. 926, by which the board of trustees of any village incorporated under special act possesses the powers conferred by said sec. 892. No other or additional grant of power to a board of trustees of any village for that purpose was necessary. The general scope of the sections now relied on is the exercise of the power of eminent domain by proceedings to condemn lands, as specified in sec. 895, "whenever the village board shall *intend* to lay out and open, change, widen or extend any street, lane, alley, public grounds, square or other place, or to construct and open, alter, enlarge or extend drains, canals or sewers, . . . and it shall be necessary to take private property therefor." Secs. 896–902, inclusive, provide in detail how the proceedings for such purposes shall be conducted. Sec. 903 provides for the payment of the expenses of the proceeding, "including all damages and costs incurred for the taking of private property and of making any improvement mentioned" in sec. 902, and it declares that "the village board may, by resolution, levy and assess the whole or any part not less than half of such expenses as a tax upon such property as they shall determine is specially benefited thereby," and the statute points out the manner, in detail, in which the assessment shall be levied and collected; but the substantive power of village boards to lay out and open, change, widen, or extend sewers, and levy assessments therefor, is not derived from the sections relied on, but from subd. 11, 25, sec. 892, R. S., and the provisions of the last-named sections have not been made applicable to cities. The sections relied on are subsidiary, and in aid of the substantive power thus granted, and their entire scope is the exercise of the power of eminent domain to acquire such lands as may be necessary for the public uses specified in sec. 902; the expenses, damages, and costs of acquiring such lands to be included with the costs of making the improvement, it hav-

ing been authorized by a separate and independent section. The common council of the city of *Neenah* had no authority, by any general or special law, to make or levy any assessment for sewers. The city of *Neenah* therefore took, by virtue of secs. 895–904, inclusive, and sec. 927, R. S., no power to make or levy any assessment for such purposes.

For these reasons the motion must be denied.