THE STATE EX REL. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY vs. THE OSHKOSH, ALGOMA & BLACK WOLF RAILROAD COMPANY.

*September 20 — October 11, 1898.*

*Appealable order: Railroads: Eminent domain: Certiorari.*

1. An order appointing commissioners of appraisal in a proceeding to condemn land for a railroad right of way, is a final order made by the court in a special proceeding, and hence appealable.
2. The question whether the petitioner in such a case was a railroad corporation, within the meaning of the statute authorizing condemnation, and had the right of eminent domain, may properly be determined on an appeal from the order appointing commissioners; and the remedy by appeal being adequate for that purpose, *certiorari* will not lie.

State ex rel. Chicago & N. W. R. Co. vs. Oshkosh, A. & B. W. R. Co.

CERTIORARI to review proceedings of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. The respondent moved to quash the writ. *Motion granted.*

*Geo. H. Noyes*, for the motion.

In opposition there was a brief by *Fish, Cary, Upham & Black*, and oral argument by *J. T. Fish.*

The motion was granted October 11, 1898, and the following opinion was filed November 22, 1898:

WINSLOW, J. The *Oshkosh, Algoma & Black Wolf Railroad Company* is a corporation organized for the purpose of constructing and operating a railroad for the purpose of carrying persons only from a point within the limits of the city of Oshkosh, through the towns of Algoma and Black Wolf, to the shore of Lake Winnebago. Desiring to cross the tracks and right of way of the relator, it commenced condemnation proceedings for that purpose in the circuit court by petition. The relator appeared upon the hearing, and, among other objections, raised the objection that the respondent was not a railroad corporation, within the meaning of the law authorizing condemnation, and had not the right of eminent domain. The objections were overruled, and an order made by the court appointing commissioners. Thereupon the relator sued out a writ of *certiorari* from this court, and, after return, the respondent moved to quash the writ.

The motion must be granted. The order in question was a final order made *by the court* in a special proceeding, and hence was appealable. *Gill v. M. & L. W. R. Co.* 76 Wis. 293; *Wis. Cent. R. Co. v. Cornell University*, 49 Wis. 162. Appeal from the order is an entirely adequate remedy to test the question raised by the relator. The general rule is well established that a common-law *certiorari* will not issue where a party has an adequate remedy by appeal. *Wardsworth v. Sibley*, 38 Wis. 484; *McCaffrey v. Nolan*, 1 Wis. 361; Harris, Certiorari, § 44.

*By the Court.*— Writ quashed.