PERKINS and others, Appellants, vs. PEACOCK and others, Respondents.

*March 31—May 5, 1953.*

For the appellants there were briefs by *Bogue & Sanderson* of Portage, and oral argument by *T. H. Sanderson.*

For the respondents Robert D. Peacock and others, constituting the County School Committee of Dane county and Blanche Losinski and H. Hansen, permanent secretaries thereof, there was a brief and oral argument by *Richard W. Bardwell,* district attorney.

For the respondents School Board of Joint School District No. 1 and others, and Julian Martinson, clerk thereof, there was a brief by *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *F. Halsey Kraege.*

CURRIE, J.   The learned circuit judge quashed the writ of certiorari on the ground that the statutory method of appeal provided by sec. 40.303 (9), Stats. 1949, was the exclusive remedy of plaintiffs and that certiorari therefore would not

lie. Such statute grants a right of appeal from any order of a County School Committee to "any person aggrieved" thereby, such right of appeal being limited to a period of thirty days "following the issuing and recording" of the order.

On this appeal, counsel for plaintiffs contend that the County School Committee failed to comply with certain statutory requirements in issuing the order creating the new Joint School District No. 1, and that such defects were jurisdictional in character so that the committee lacked jurisdiction to issue its order, and therefore certiorari is the proper remedy available to plaintiffs to review the proceedings of the County School Committee with respect to the creation of such new school district. Furthermore, counsel for plaintiffs also maintain that the instrument labeled as the order of the committee was in the form of a notice, and not an order, and therefore no appeal could be taken therefrom under sec. 40.303 (9), Stats. 1949.

We will first consider the contention that no order was ever entered by the County School Committee providing for the creation of new Joint School District No. 1. The essential portions of the instrument, which was labeled as the order of the committee in the return made to the writ of certiorari, have been set forth in the statement of facts immediately preceding this opinion. While it is true that such instrument reads as a notice instead of an order, it does recite the order of the County School Committee. There can be no doubt that anyone reading the instrument would know exactly what the order provided, and such provisions contained all the essential statutory elements. Plaintiffs' original petition for writ of certiorari referred to the instrument as an "order," and while such petition enumerated various defects in the proceedings of the County School Committee which were alleged to be jurisdictional in character, the petition contained no allegation attacking the form of the

order. The writ of certiorari, which also was apparently drafted by counsel for plaintiffs, refers to the order as "said erroneous and illegal order."

Furthermore, it appears that plaintiffs did not raise the issue as to the defect in the form of the order in the trial court. At least counsel for defendants have stated in the oral argument that such issue was not raised in the trial court, such statement was not disputed by plaintiffs' counsel, and the trial judge makes no mention of such issue being raised in his memorandum decision. Not having raised the issue as to the defect in the form of the order in the trial court, such issue will not be considered on this appeal. *Doyle v. Teasdale* (1953), ante, pp. 328, 347, 57 N. W. (2d) 381; *Townsend v. La Crosse Trailer Corp.* (1950), 256 Wis. 609, 614, 42 N. W. (2d) 164; and *Monroe County Finance Co. v. Thomas* (1943), 243 Wis. 568, 572, 11 N. W. (2d) 190.

Plaintiffs' counsel urge the following defects in the County School Committee procedure as being fatally defective, and therefore depriving the committee of jurisdiction to have entered the order creating the new school district:

(1) But four of the six members of the committee attended the May 4, 1951, meeting, and but five of the six members of the committee attended the June 2, 1951, meeting, and the returns to the writ of certiorari do not disclose that the absent members received notice of such meetings.

(2) Sec. 40.303 (4) (b), Stats. 1949, required that a public hearing be held not more than fifteen days after the date the committee adopted the resolution providing for such hearing, while seventeen days actually elapsed between the committee's meeting of May 4, 1951, when the resolution for a public hearing was adopted, and the date of holding such public hearing on May 21, 1951.

(3) Sec. 40.303 (4) (b), Stats. 1949, requires that within ten days after the public hearing the County School Committee shall hold a conference on the plan of reorganization with the school boards of the districts involved in the pro-

posed plan, but in violation of such statutory provision such conference was not held until June 2, 1951, or thirteen days after the public hearing of May 21, 1951.

(4) That the order was signed by five of the six members of the County School Committee as individuals, there being nothing to indicate that they were signing the same in the capacity of members of the County School Committee.

Assuming, but not deciding, that some of the foregoing defects in procedure were jurisdictional in character, we then are faced with the crucial question argued on this appeal of whether jurisdictional defects in the proceedings of a County School Committee, which result in the issuance of a school-reorganization plan, may be raised by certiorari or whether the statutory method of appeal is the exclusive remedy to review such proceedings.

In *School Dist. v. Callahan* (1941), 237 Wis. 560, 578, 297 N. W. 407, plaintiffs appealed from a school district consolidation order made by the state superintendent of public instruction, pursuant to the express provision in sec. 40.30 (6), Stats. 1939, authorizing the same. One of the questions raised was whether plaintiffs were entitled to a trial *de novo* in circuit court on such appeal, and this court held therein as follows:

"The term 'appeal,' as used in sec. 40.30 (6), Stats., without specifying the nature of the proceedings thereon does not imply a trial *de novo*."

Sec. 40.303 (9), Stats. 1949, is an outgrowth of sec. 40.30 (6), Stats. 1939. Inasmuch as the County School Committees, instead of the state superintendent of public instruction, are now empowered to issue the consolidation orders, it was necessary in substituting sec. 40.303 (9), Stats. 1949, for sec. 40.30 (6), Stats. 1939, to make some changes in wording to cover this change, but the tenor of the provision for appeal to circuit court is worded substantially like the prior statute. Therefore, the above quotation

from our decision in *School Dist. v. Callahan, supra,* is equally applicable under the provisions of sec. 40.303 (9), Stats. 1949, as it was under the prior appeal statute before the court in that case, and there is no trial *de novo* in the circuit court in any appeal from an order of the County School Committee.

There being no trial *de novo,* the circuit court may not review the wisdom or advisability of the order appealed from. What then may it review on such appeal? The conclusion seems inescapable that the legislature intended such review to cover questions of jurisdiction and possible abuse of statutory power by the committee, which is precisely the scope of review on certiorari.

We believe that the decisions of this court in *State ex rel. Chicago & N. W. R. Co. v. Oshkosh, A. & B. W. R. Co.* (1898), 100 Wis. 538, 77 N. W. 193, and *Superior v. Committee on Water Pollution* (1953), ante, p. 23, 56 N. W. (2d) 501, are controlling on the issue before us.

The question before the court in *State ex rel. Chicago & N. W. R. Co. v. Oshkosh, A. & B. W. R. Co., supra,* was whether certiorari was the proper remedy to raise the question of whether the defendant corporation was a railroad corporation possessing the right to acquire a crossing over the tracks of the relator corporation by eminent domain. This question had been raised in the trial court by way of objection to the condemnation proceedings but the trial court had overruled the same and entered an order appointing commissioners. This court speaking through Mr. Justice (later Chief Justice) WINSLOW, declared (p. 539):

"The order in question was a final order made *by the court* in a special proceeding, and hence was appealable. *Gill v. M. & L. W. R. Co.* 76 Wis. 293; *Wis. Cent. R. Co. v. Cornell University,* 49 Wis. 162. Appeal from the order is an entirely adequate remedy to test the question raised by the relator. The general rule is well established that a common-law certiorari will not issue where a party has an

adequate remedy by appeal. *Wardsworth v. Sibley,* 38 Wis. 484; *McCaffrey v. Nolan,* 1 Wis. 361; Harris, Certiorari, sec. 44."

In *Superior v. Committee on Water Pollution, supra,* the plaintiff city in an action for declaratory judgment attempted to challenge the jurisdiction of the state committee on water pollution to enter an order directing the city to construct sewage-treatment facilities, it being contended that the committee as a condition precedent to entering said order was first required to enter into an agreement with the responsible authorities of Minnesota relative to the control of pollution in interstate waters. The committee defended on the ground that sec. 227.20, Stats., provides for review of an order of an administrative agency which is "in excess of the statutory authority or jurisdiction of the agency," and that such right of review was the exclusive remedy of the city. This court held that such right of review under the provisions of the Uniform Administrative Procedure Act (ch. 227, Stats.) was the exclusive remedy of the city and therefore the action for declaratory judgment would not lie. Headnote 2 of such decision correctly states the applicable principle of law as follows (p. 23):

"Where a specified method of review is prescribed by statute, the method so prescribed is exclusive."

Counsel for plaintiffs cite three other decisions of this court which counsel maintain are authority for the proposition that the statutory right of appeal from the order of the County School Committee is not the exclusive remedy of the plaintiffs, but that certiorari may be maintained to review proceedings of the committee leading up to the issuance of the order if the proceedings are jurisdictionally defective. We believe it advisable to review such cited decisions in order to obviate future confusion on this question even though we believe that *State ex rel. Chicago & N. W.*

*R. Co. v. Oshkosh, A. & B. W. R. Co., supra,* and *Superior v. Committee on Water Pollution, supra,* settle the issue adversely to the contention made by counsel.

In *State ex rel. Vaughn v. Ashland* (1888), 71 Wis. 502, 37 N. W. 809, the relator sought by certiorari to review proceedings by the mayor and common council of the city of Ashland which provided for erecting a bridge on piling across a ravine under the guise of the same being a street improvement, part of the cost of the project to be assessed as benefits against the lands of the plaintiff and other adjoining property owners. One of the issues on the appeal to this court was whether the right of appeal to circuit court granted to property owners by Ashland's city charter against any special assessment for street improvements was the exclusive remedy of the relator. Such appeal provision of the city charter provided that the said right of appeal "shall be the only remedy" of a property owner "for the redress of any grievance he may have by reason of the making of an improvement." This court held that the city had no authority to erect the bridge under the guise of a street improvement and assess any part of the cost against adjoining property owners. As to the contention that the appeal to circuit court granted by the city charter was the exclusive remedy of an aggrieved property owner the court said (p. 506):

"But it is urged by the learned city attorney that a writ of certiorari will not lie where there is another adequate remedy, and that the charter gives a remedy by appeal, and makes it exclusive. Secs. 9, 10, subch. 11, ch. 127, Laws of 1887. But, as we understand, this remedy by appeal is only given by the charter as to matters within the jurisdiction of the common council. Certainly it was not designed to take away the remedy given by writ of certiorari. The jurisdiction of the circuit court to issue such writ is secured by the constitution of the state, and of course cannot be taken away by legislative enactment. Sec. 8, art. VII."

In construing any statutory right of appeal of this character it is necessary to determine whether the legislature intended such right of appeal to be the exclusive remedy of an aggrieved person irrespective of whether there might be a jurisdictional defect in the proceedings leading up to the making of the order or official action attacked, or whether the public officers or agency making the order exceeded their statutory powers. The court in *State ex rel. Vaughn v. Ashland, supra,* construed the right of appeal contained in the city's special charter as not having been intended to cover a case where the mayor and council in ordering the improvement and charging part of the cost to adjoining property owners exceeded their statutory powers.

This construction of the limited application of the appeal provision of the city charter is in accord with the construction this court in both prior and subsequently decided cases has given to statutes conferring a right of appeal from a determination by a board of a municipality of the amount of special assessments levied against land for street or other improvements. However, we do construe the right of appeal granted by sec. 40.303 (9), Stats. 1949, to have been intended by the legislature to embrace attacks based upon jurisdictional defects in the proceedings, or the exceeding by the committee of its statutory powers. This difference in construction based upon legislative intent distinguishes *State ex rel. Vaughn v. Ashland, supra,* from the instant case. We expressly disapprove of the holding in the decision in the latter case, that the creation of an exclusive right of appeal by the legislature so as to preclude maintaining certiorari as an alternative remedy, would be a violation of sec. 8, art. VII of the state constitution which states that circuit courts shall have the power to issue writs of certiorari.

Plaintiffs' counsel relies heavily upon statements contained in our decision in *Lamasco Realty Co. v. Milwaukee* (1943),

242 Wis. 357, 8 N. W. (2d) 372, 8 N. W. (2d) 865. In that case this court was called upon to pass upon the validity of ch. 275, Laws of 1931 (the Kline law), in connection with action taken by the city of Milwaukee for the widening of Kilbourn avenue. The Kline law authorized Milwaukee to acquire or condemn property for street-widening purposes and to levy special assessments upon property benefited by such widening. Sec. 11 of such law provided that an appeal to circuit court should be the exclusive remedy for damages sustained as a result of the acts or proceedings of the city under the law or to review any assessment of benefits. This court in its opinion stated (pp. 385, 396):

"The trial court held, and we think correctly, that the proper remedy where the entire proceeding is void because of want of power and also where the irregularity or illegality vitiates the entire assessment is by attack in a direct proceeding for that purpose; that sec. 11 of the act, relating to the exclusiveness of the remedy of appeal, refers only to illegality and irregularities affecting the amount of damages or benefits which may be corrected by the verdict on appeal. . . .

"There can be no doubt that if the council were proceeding either without authority of law or in a manner which rendered their proceedings void the matter could have been presented to a court of competent jurisdiction at a proper time notwithstanding the provisions of sec. 11, ch. 275, already quoted. *Welch v. Oconomowoc* (1928), 197 Wis. 173, 221 N. W. 750; *Milwaukee E. R. & L. Co. v. Shorewood* (1923), 181 Wis. 312, 193 N. W. 94; *Johnson v. Milwaukee* (1876), 40 Wis. 315; *Watkins v. Milwaukee* (1881), 52 Wis. 98, 8 N. W. 823; *Liebermann v. Milwaukee* (1895), 89 Wis. 336, 61 N. W. 1112; *Kersten v. Milwaukee* (1900), 106 Wis. 200, 81 N. W. 948, 81 N. W. 1103; *Spence v. Milwaukee* (1907), 132 Wis. 669, 113 N. W. 38; *Beaser v. Ashland* (1894), 89 Wis. 28, 61 N. W. 77; *Hayes v. Douglas County* [(1896), 92 Wis. 429, 65 N. W. 482]."

We have carefully examined each of the decisions cited in the foregoing quotation from our opinion in *Lamasco Realty*

*Co. v. Milwaukee, supra.* All are decisions involving special-assessment statutes or proceedings. These decisions clearly establish that it is the settled law in Wisconsin that statutory rights of appeal from determination of benefits or damages in special-assessment proceedings, even when expressly labeled as the exclusive remedy, only relate to the determination of the amount of the benefits, damages, or special assessments, and do not preclude resort to actions in equity for injunction, or other appropriate relief, if either the validity of the proceedings, or the statute under which the proceedings were had, is attacked. We see no reason why this principle should be carried over from special-assessment proceedings and made applicable to proceedings of County School Committees for the reorganization of school districts.

The case upon which plaintiffs' counsel especially rely is *State ex rel. Bidgood v. Clifton* (1902), 113 Wis. 107, 88 N. W. 1019, in which this court permitted certiorari to be maintained to review proceedings of a town board in consolidating school districts even though the statute provided that there was a right of appeal from the determination of the town board directly to the state superintendent of public instruction. However, the statute granting such right of appeal was construed by this court in *State ex rel. Moreland v. Whitford* (1882), 54 Wis. 150, 11 N. W. 424, and it was therein held that on appeal the state superintendent passed upon the issue of the advisability of the consolidation *de novo.* In other words, the state superintendent under such statute did not pass upon any irregularities in procedure by the town board, but rather on the wisdom of that which the board's order accomplished, and he could determine the latter by whatever evidence and information were available to him, including that gained from his own experience.

Consequently, in *State ex rel. Bidgood v. Clifton, supra,* this court rightly held that the right to certiorari existed in spite of the provision for an appeal to the state superintendent

for it was not the function of the state superintendent on appeal to act as a court of review with respect to the record. Such is not, however, the case in an appeal under sec. 40.303 (9), Stats. 1949, for, under that section, appellants are not entitled to a trial *de novo,* but the court's sole function on appeal is to determine whether there was jurisdiction and whether there was ·or was not an unlawful abuse of power.

From our examination of the authorities reviewed in this opinion we arrive at certain definite conclusions. One is that whether a statutory remedy of appeal is the exclusive remedy of an aggrieved party to review jurisdictional defects in procedure, or abuse of statutory power, depends upon legislative intent as construed by the courts, and whether such right of appeal is adequate to permit review of such matters. Another is that special-assessment statutes and proceedings constitute a special field of law, and the settled principles there established with respect to appropriate form of actions to raise the question of the invalidity of the proceedings do not establish precedents which must be followed in other fields of law.

Even in those cases wherein this court has construed a statutory right of appeal as being intended by the legislature to be the exclusive remedy for reviewing jurisdictional defects in procedure, there may be exceptional cases where such right of appeal would be inadequate for such purpose and certiorari might lie,—for example, where statutory notice was not given and the aggrieved party did not receive actual notice until the time for appeal had expired. The instant case, however, does not fall within such exception.

*By the Court.*—Order affirmed.